In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00147-CR

                                                ______________________________

 

 

                                 ANTHONY LEE BLAVIER,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                      On Appeal from the 402nd
Judicial District Court

                                                             Wood County, Texas

                                                       Trial Court
No. 19,722-2007

 

                                                     
                                             

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                      MEMORANDUM OPINION

 

I.          Factual and Procedural History 

 

            In February
2007, Anthony Lee Blavier was placed on four years of community supervision
after pleading guilty to the offense of evading detention with a vehicle.  In June 2010, the State moved to revoke
community supervision, alleging that Blavier violated several conditions of his
community supervision.  During the June
17, 2010, hearing to revoke, the State and Blavier’s counsel indicated that an
agreement had been reached in lieu of revocation; however, an issue arose
regarding the date for Blavier to begin community service restitution.  The hearing was recessed, and without further
detail, the record states:  “Order
submitted; end of proceeding.”  On the
same day, June 17, 2010, the State filed to modify Blavier’s community
supervision, the court granted the motion, dismissed the State’s motion to
revoke, and entered an order modifying the conditions of community
supervision.  

            In May 2011,
the State filed another motion to revoke Blavier’s community supervision,
alleging that he violated five of his terms and conditions.  Blavier stipulated to his use of drugs and
pled “not true.”[1]  After a full hearing, the trial court found
Blavier had violated the terms and conditions of his community supervision,
revoked that supervision, and imposed a punishment of two years’ confinement in
a state jail.  

            On appeal,
Blavier argues that the trial court erred in revoking his community supervision
because:  (1) the trial court lacked the
authority to extend and modify his community supervision period based solely
upon Blavier’s oral agreement; (2) the motion to revoke his community
supervision was not timely filed; and (3) the judgment should be amended to
properly reflect his plea of “not true.”

            We modify
the judgment of the trial court and affirm as modified because Blavier agreed,
in writing, to modify the period and terms of his community supervision. 

II.        Written Agreement to Modify the Terms of
Community Supervision 

 

            In his first
point of error, Blavier contends that the trial court lacked the authority to “extend
and modify his community supervision period based upon the oral agreement of
[his] attorney.”  We overrule this point
of error because there is a written agreement to modify the conditions of community
supervision.  

            The
conditions of community supervision may be modified without a formal hearing if
the defendant agrees to the modification in writing.  Tex.
Code Crim. Proc. Ann. art. 42.12, § 10(e) (West Supp.
2011).  On June 17, 2010, the same day as
the revocation hearing, the State filed a motion to modify the conditions of
Blavier’s community supervision.  Blavier
signed the motion to modify, stating, “I, hereby agree to this Modification.”  The trial court granted the motion, and the
extension and further conditions of community supervision ordered by the court
coincide with those Blavier agreed to in the motion.[2]  Also on June 17, 2010, the trial court
entered an order dismissing the State’s motion to revoke, because “[Blavier’s]
Community Supervision was modified in lieu of revocation.”  Therefore, we overrule this point of error. 

            In his
second point of error, Blavier argues that the State’s motion to revoke Blavier’s
community supervision was not timely filed “because the trial court did not
have authority to extend Blavier’s community supervision period based upon the
oral agreement of Blavier’s attorney.” 
Since there is a written agreement to modify in this case, this issue is
also overruled.  

III.       Modification of Judgment 

 

            The judgment
reflects a plea of “true” to the State’s motion to revoke.  In his third point of error, Blavier
contends, and the State agrees, that the judgment should be modified to reflect
a plea of “not true.”  

            An appellate
court has the authority to reform judgments and correct typographical errors to
make the record speak the truth when the matter has been called to its
attention by any source.  Tex. R. App. P. 43.2(b) (permitting
appellate court to modify trial court judgment and affirm as modified); French v. State, 830 S.W.2d 607, 609
(Tex. Crim. App. 1992); Rhoten v. State,
299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.).  “Our authority to reform incorrect judgments
is not dependent on the request of any party, nor does it turn on a question of
whether a party has or has not objected in trial court; we may act sua sponte
and may have a duty to do so.” Rhoten,
299 S.W.3d at 356 (citing Asberry v.
State, 813 S.W.2d 526, 531 (Tex. App.—Dallas 1991, pet. ref’d)).  Here, Blavier pled “not true” to the State’s
allegations that he violated the terms and conditions of his probation.  The judgment, however, reflects a plea of “true.”  We therefore modify the judgment to reflect
that Blavier pled “not true” to the revocation allegations.  

            We
affirm the judgment of the trial court as modified.  

 

 

 

                                                                                    Jack
Carter

                                                                                    Justice


 

Date Submitted:          December
9, 2011

Date Decided:             December
15, 2011

 

Do Not Publish

 

 

 











[1]The
judgment reflects a plea of “true.” 





[2]We
note the modified order required the community service to begin July 15, 2010,
rather than in June, which apparently resolved the issue raised by Blavier’s
counsel during the appearance before the trial court.