

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-11-00259-CR

_____

JEFFERY LYNN ROSS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 71st Judicial District Court
Harrison County, Texas
Trial Court No. 11-0224X

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Jeffery Lynn Ross, charged with driving while intoxicated (DWI), third or more, entered an open plea of guilty to the offense—a third degree felony—and a plea of true to the State's single sentence-enhancement allegation—elevating the punishment range to that equivalent to a second degree felony. The trial court adjudged Ross guilty and sentenced him to fourteen years' imprisonment; the nunc pro tunc judgment of December 28, 2011, recites that the offense was a second degree felony. On appeal, Ross asserts error only[1] on the basis that the trial court failed "to sentence the appellant to a substance abuse punishment facility as a condition of community supervision." We modify the trial court's judgment to accurately reflect the degree of the offense and affirm the judgment, as modified.

Ross' brief explains what a substance abuse felony punishment facility (SAFPF) is, how it is run, and recites that a defendant is eligible to be placed in a SAFPF if he or she is on community supervision. Ross' contention that the trial court erred in failing to sentence him to a SAFPF as a condition of community supervision does not comport with the facts of this case. Ross was not placed on community supervision, and no complaint is raised that the trial court erred in failing to place Ross on community supervision. We must overrule Ross' point of error.

There are, however, two errors in the judgment requiring it to be modified. The judgment recites that the offense is a second degree felony, while it is, in fact, a third degree felony, albeit,

---

[1]Ross' brief does not complain that the trial court failed to consider the full range of punishment or that the sentence was cruel and unusual.

one for which the punishment range is equivalent to that of a second degree felony.[2] *See* TEX.

PENAL CODE ANN. §§ 49.09(b)(2) (third degree felony), 12.42(a) (enhanced punishment range).

The judgment also recites that Ross pled true to two enhancement paragraphs, whereas he

actually pled true to only one enhancement allegation.

This Court has authority to modify judgments and correct errors to make the record speak

the truth. TEX. R. APP. P. 43.2; *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992);

*Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.). "Our authority to

reform incorrect judgments is not dependent on the request of any party, nor does it turn on a

question of whether a party has or has not objected in trial court; we may act sua sponte and may

have a duty to do so." *Rhoten*, 299 S.W.3d at 356 (citing *Asberry v. State*, 813 S.W.2d 526, 531

(Tex. App.—Dallas 1991, pet. ref'd)).

---

[2]The indictment contained the following paragraphs after alleging Ross drove while intoxicated on or about May 28, 2011:

> And it is further presented in and to said Court that, prior to the commission of the aforesaid offense (hereafter styled the primary offense), on the 22nd day of February, 1994, in cause number 85,792 in the County Court of Gregg County, Texas, the defendant was convicted of an offense relating to the operating of a motor vehicle while intoxicated; and on the 18th day of May, 2001, in cause number 28319-B in the 124th District Court of Gregg County, Texas, the defendant was convicted of an offense relating to the operating of a motor vehicle while intoxicated;

> And it is further presented in and to said Court that, prior to the commission of the aforesaid offense, on the 25th day of August, 2006 in cause number 33667-B in the 124th District Court of Gregg County, Texas, the defendant was convicted of the felony offense of DRIVING WHILE INTOXICATED; SUBSEQUENT OFFENSE.

Because the indictment alleged, in the first paragraph, that Ross had two prior convictions for DWI, the offense was a felony of the third degree. TEX. PENAL CODE ANN. § 49.09(b)(2) (West Supp. 2011). If it is shown at trial of a third degree felony that the defendant had previously been convicted of another felony, punishment can fall within the range prescribed for a second degree felony. TEX. PENAL CODE ANN. § 12.42(a) (West Supp. 2011). Ross pled true to the second paragraph. While the offense remained a third degree offense, the punishment range was enhanced by the second paragraph to that of a second degree felony offense. The trial court's judgment understandably, but incorrectly, lists the offense as a second degree felony.

3

We modify the judgment to reflect (1) that the offense was a third degree felony offense and (2) that Ross pled true to the one enhancement allegation contained within the second paragraph.

We affirm the judgment, as modified.

Josh R. Morriss, III
Chief Justice

Date Submitted:     June 19, 2012
Date Decided:       June 20, 2012

Do Not Publish

4