# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00059-CR

**William Dewayne Norris, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NO. 69666, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Following a bench trial, appellant William Dewayne Norris was convicted of the offense of aggravated robbery and sentenced to forty years' imprisonment. In two issues on appeal, Norris argues that (1) the evidence is insufficient to prove that he has the financial resources to pay his court-appointed attorney's fees as ordered in the judgment of conviction and (2) the judgment incorrectly recites that he pleaded "guilty" to the charged offense. The State concedes error on both points. We will modify the judgment to delete the requirement that Norris pay attorney's fees and to reflect that Norris pleaded "not guilty" to the charged offense. As modified, we will affirm the judgment.

The record reflects that after Norris had been arrested for the offense of aggravated robbery, he filled out a financial questionnaire. Based upon the information that Norris provided in the questionnaire, the district court appointed an attorney to represent him. Following Norris's

conviction, the district court filed a "Notice to Indigent Defense Department," indicating that "[t]he Court has removed a previous appointed attorney and Indigent Defense Office must appoint a new attorney from the Approved Attorney Wheel for this level offense." An attorney was subsequently appointed to represent Norris on appeal. Despite finding Norris indigent, the district court, in its judgment of conviction, ordered Norris to pay attorney's fees after his release from incarceration.

"A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." Tex. Code Crim. Proc. art. 26.04(p); *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010). The record reflects that the district court determined that Norris was indigent, and we find nothing in the record to support a finding that Norris's financial circumstances have materially changed since that finding was made. Therefore, no evidence supports the district court's order requiring appellant to pay attorney's fees. *See* Tex. Code Crim. Proc. art. 26.05(g). We sustain Norris's first issue.

The record also reflects that Norris pleaded "not guilty" to the charged offense prior to trial. Nevertheless, the judgment of conviction erroneously states that Norris pleaded guilty. We sustain Norris's second issue.

This Court has the authority to modify incorrect judgments when the necessary information is available to do so. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992). Accordingly, we modify the judgment of conviction to delete the requirement that Norris pay attorney's fees after his release from incarceration, and we further modify the judgment to

2

reflect that Norris pleaded "not guilty" to the charged offense. As modified, the judgment of conviction is affirmed.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton and Rose

Modified and, as Modified, Affirmed

Filed:  July 10, 2013

Do Not Publish