ACCEPTED
05-14-01485-CR
FIFTH COURT OF APPEALS
DALLAS, TEXAS
3/25/2015 11:23:31 AM
LISA MATZ
CLERK

*The State Waives Oral Argument*

# NOS. 05-14-01485-CR & 05-14-01486-CR

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
3/25/2015 11:23:31 AM
LISA MATZ
Clerk

## IN THE COURT OF APPEALS
## FOR THE FIFTH DISTRICT OF TEXAS
## AT DALLAS

---

## CHARDONDRA JONES,
## APPELLANT

### vs.

## THE STATE OF TEXAS,
## APPELLEE

---

*On appeal from the Criminal District Court No. 5*
*Dallas County, Texas*
*Cause Nos. F10-55473-L & F10-55726-L*

---

## STATE'S BRIEF

---

*Counsel of Record:*

SUSAN HAWK
CRIMINAL DISTRICT ATTORNEY
DALLAS COUNTY, TEXAS

KAREN R. WISE
ASSISTANT DISTRICT ATTORNEY
STATE BAR NO. 21810200
FRANK CROWLEY COURTS BUILDING
133 N. RIVERFRONT BLVD., LB-19
DALLAS, TEXAS 75207-4399
(214) 653-3637
karen.wise@dallascounty.org

*Attorneys for the State of Texas*

# TABLE OF CONTENTS

TABLE OF CONTENTS ..........................................................................................ii

INDEX OF AUTHORITIES ..................................................................................iii

STATEMENT OF THE CASE ............................................................................... 1

SUMMARY OF ARGUMENT................................................................................2

ARGUMENT............................................................................................................2

    RESPONSE TO POINT 1....................................................................................2

        THE JUDGMENT ADJUDICATING GUILT IN CAUSE NO. F10-55473-L SHOULD BE MODIFIED TO ACCURATELY REFLECT THE SPECIFIC CONDITIONS OF COMMUNITY SUPERVISION APPELLANT VIOLATED.

    RESPONSE TO POINT 2....................................................................................2

        THE JUDGMENT ADJUDICATING GUILT IN CAUSE NO. F10-55726-L SHOULD BE MODIFIED TO ACCURATELY REFLECT THE SPECIFIC CONDITIONS OF COMMUNITY SUPERVISION APPELLANT VIOLATED.

PRAYER ...................................................................................................................5

CERTIFICATE OF SERVICE AND WORD-COUNT COMPLIANCE...........................5

# INDEX OF AUTHORITIES

**Cases**

*Asberry v. State*,
   813 S.W.2d 526 (Tex. App. – Dallas 1991, pet. ref'd) ...................................................... 4

*French v. State*,
   830 S.W.2d 607 (Tex. Crim. App. 1992) ........................................................................ 4

**Rules**

Tex. R. App. P. 43.2(b) ....................................................................................................... 4

**TO THE HONORABLE COURT OF APPEALS:**

The State of Texas submits this brief in reply to the brief of Appellant.

## STATEMENT OF THE CASE

In Cause No. F10-55473-L, Appellant entered a guilty plea to aggravated assault with a deadly weapon. (CR1: 23).[1] On August 25, 2010, the trial court found that the evidence substantiated Appellant's guilt, but deferred adjudication, placed Appellant on community supervision for 6 years, and assessed a fine of $2500. (CR1: 23). On October 15, 2014, the court adjudicated Appellant's guilt and set punishment at 8 years' confinement in the Texas Department of Criminal Justice, Institutional Division. (CR1: 77). The court certified that Appellant has the right to appeal. (CR1: 82). Appellant's notice of appeal was timely filed. (CR1: 88).

In Cause No. F10-55726-L, Appellant entered a guilty plea to harassment of a public servant. (CR2: 19). On August 25, 2010, the trial court found that the evidence substantiated Appellant's guilt, but deferred adjudication and placed Appellant on community supervision for 6 years. (CR2: 19).

---

[1] The State will refer to the clerk's record in Cause No. F10-55473-L as CR1, the clerk's record in Cause No. F10-55726-L as CR2, and the supplemental clerk's record in Cause No. F10-55726-L as CR3.

1

On October 15, 2014, the court adjudicated Appellant's guilt and set punishment at 8 years' confinement in the Texas Department of Criminal Justice, Institutional Division. (CR2: 77). The court certified that Appellant has the right to appeal. (CR2: 74). Appellant's notice of appeal was timely filed. (CR2: 83).

## SUMMARY OF ARGUMENT

The State agrees that the Judgments Adjudicating Guilt in Appellant's cases should be reformed to accurately reflect the conditions of community supervision that the trial court found Appellant had violated.

## ARGUMENT

### RESPONSE TO POINT 1

**THE JUDGMENT ADJUDICATING GUILT IN CAUSE NO. F10-55473-L SHOULD BE MODIFIED TO ACCURATELY REFLECT THE SPECIFIC CONDITIONS OF COMMUNITY SUPERVISION APPELLANT VIOLATED.**

### RESPONSE TO POINT 2

**THE JUDGMENT ADJUDICATING GUILT IN CAUSE NO. F10-55726-L SHOULD BE MODIFIED TO ACCURATELY REFLECT THE SPECIFIC CONDITIONS OF COMMUNITY SUPERVISION APPELLANT VIOLATED.**

In Points 1 and 2, Appellant claims that the Judgments Adjudicating Guilt in her cases on appeal should be reformed to accurately reflect the conditions of

2

community supervision she was found to have violated. The State agrees that the Judgments Adjudicating Guilt should be modified as requested.

The State's Amended Motions to Revoke Probation or Proceed with an Adjudication of Guilt, which were filed August 12, 2014, alleged that Appellant violated conditions (a) (committing a new offense), (j) (paying community supervision fees), (k) (paying Crime Stoppers fee), (l) (completing community service hours), and (n) (paying urinalysis fee). (CR1: 70-71; CR3: 4-5). During the adjudication hearing, the State noted that it was abandoning the financial allegations, which would be conditions (j), (k), and (n). (RR3: 5). Appellant's open plea documents indicated that she would enter a plea of true to violations of conditions (a) and (l). (CR1: 76; CR2: 76). At the hearing, Appellant entered a plea of true to "the remaining allegations" in the State's motion to adjudicate, which would be conditions (a) and (l). (RR3: 5). The court stated, "Pursuant to those pleas, in the revocation cases, the Court's going to find you guilty, as indicted." (RR3: 20). Thus, the court found that Appellant violated conditions (a) and (l), which were the only allegations to which Appellant pled true and the only allegations remaining after the State abandoned the financial allegations.

The Judgments Adjudicating Guilt state that Appellant "violated the terms and conditions of community supervision as set out in the State's ORIGINAL Motion to Adjudicate Guilt as follows: See attached Motion to Adjudicate Guilt."

3

(CR1: 78; CR2: 78). The State's earlier motions to revoke probation, filed 4/1/2014, are attached to, and thus referenced in, the Judgments Adjudicating Guilt. (CR1: 77-80; CR2: 77-80). Thus, the Judgments Adjudicating Guilt reference and attach the wrong Motions to Adjudicate and imply that all conditions in the Motions were violated.

This Court has the authority to modify or reform a judgment to make the record speak the truth when the matter has been called to its attention. Tex. R. App. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Asberry v. State*, 813 S.W.2d 526, 531 (Tex. App. – Dallas 1991, pet. ref'd). This Court should therefore modify the judgments in the instant cases to reflect that Appellant violated conditions (a) and (l) of each "AMENDED Motion to Adjudicate Guilt" and order that the Amended Motions to Adjudicate Guilt should be attached to the Judgments Adjudicating Guilt. The judgments should then be affirmed as modified.

## PRAYER

The State prays that this Honorable Court will modify the judgments as requested and then affirm the judgments of the trial court as modified.

Respectfully submitted,

*[signature: Karen R. Wise]*

SUSAN HAWK
Criminal District Attorney
Dallas County, Texas

KAREN R. WISE
Assistant District Attorney
State Bar No. 21810200
Frank Crowley Courts Building
133 N. Riverfront Blvd., LB-19
Dallas, Texas 75207-4399
(214) 653-3637
(214) 653-3643 *fax*

## CERTIFICATE OF SERVICE AND WORD-COUNT COMPLIANCE

I hereby certify that a true copy of the foregoing brief was served on Kathleen A. Walsh, attorney for Appellant, Dallas County Public Defender's Office, 133 N. Riverfront Blvd., LB 2, Dallas, Texas 75207-4399, via hand delivery, and by sending an electronic communication through eFileTexas.gov to kathleen.walsh@dallascounty.org, on March 25, 2015. I further certify that this document contains 1,078 words, inclusive of all contents.

*[signature: Karen R. Wise]*

KAREN R. WISE