

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00043-CR

_____

RICHARD DARBY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 14-F-0133-102

Before Morriss, C.J., Moseley and Carter*, JJ.
Memorandum Opinion by Chief Justice Morriss

_____

*Jack Carter, Justice, Retired, Sitting by Assignment

MEMORANDUM OPINION

Richard Darby pled guilty to and was convicted of aggravated robbery. Following a jury trial on the issue of punishment, Darby was sentenced to forty-five years' imprisonment and was ordered to pay a $10,000.00 fine. On appeal,[1] Darby argues (1) that the State failed to prove the commission of two unadjudicated sexual assault offenses beyond a reasonable doubt, (2) that the trial court erred in admitting these unadjudicated offenses during punishment over his Rule 403 objection, (3) that the trial court erred in admitting jailhouse recordings of a conversation between Darby and his father discussing escape, and (4) that the trial court's judgment must be modified to reflect his plea of guilty.

Darby's first three points of error are common to all of his appeals and were raised in a single brief. We addressed Darby's first three points of error in detail in our opinion of this date in cause number 06-15-00042-CR. For the reasons stated therein, we likewise conclude that error on these points has not been shown in this case.

With respect to Darby's fourth point of error, we agree the trial court's judgment requires modification. We have the "authority to reform a judgment . . . to make the record speak the truth when the matter has been called to [our] attention by any source." *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *see* TEX. R. APP. P. 43.2; *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.). Although Darby pled guilty to the aggravated robbery, the

---

[1]Darby also appeals from the following convictions entered on the same date: evading arrest with a motor vehicle (cause number 06-15-00042-CR); aggravated robbery (cause number 06-15-00044-CR); theft in an amount valued at $1,500.00 or more but less than $20,000.00 (cause number 06-15-00045-CR); and aggravated robbery (cause number 06-15-00046-CR). Darby pled guilty to all of the charges against him, and his cases were consolidated for trial on punishment. The factual background giving rise to all of Darby's convictions is set forth in our opinion of this date in cause number 06-15-00042-CR.

trial court's judgment reflects a plea of not guilty. The State concedes the error. Accordingly, we modify the judgment to reflect Darby's plea of guilt.

We also note that the style of the trial court's case and the State's indictment identify the defendant as "Richard Taylor Darby," but that the judgment identifies "Richard Darby" as the defendant. The evidence in this case established that the defendant's name is Richard Taylor Darby, III, and that his father is Richard Taylor Darby, Jr. "Our authority to reform incorrect judgments is not dependent on the request of any party, nor does it turn on a question of whether a party has or has not objected in trial court; we may act sua sponte and may have a duty to do so." *Rhoten*, 299 S.W.3d at 356 (citing *Asberry v. State*, 813 S.W.2d 526, 531 (Tex. App.—Dallas 1991, writ ref'd); *see French*, 830 S.W.2d at 609. To avoid confusion in the future, we further modify the trial court's judgment to reflect a conviction against Richard Taylor Darby, III.

We affirm the trial court's judgment, as modified.


Josh R. Morriss, III
Chief Justice


Date Submitted:     September 29, 2015
Date Decided:       October 30, 2015

Do Not Publish

3