

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-16-00151-CR

---

NATHANIEL NORRIS, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 76th District Court
Morris County, Texas
Trial Court No. 11,422CR

---

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

Nathaniel Norris was convicted by a jury of sexual assault of a child. Based on the jury's recommendation at punishment, the trial court sentenced Norris to five years' imprisonment, but suspended the imposition of the sentence in favor of placing Norris on community supervision for a period of five years.[1]

On appeal, Norris argues that the trial court erred (1) in admitting allegedly unauthenticated Facebook Messenger texts sent by cell phone and (2) in assessing court costs in this case, and all companion cases, even though they were consolidated for trial.[2] We addressed these issues in detail in our opinion of this date on Norris' appeal in cause number 06-16-00150-CR. For the reasons stated therein, we likewise conclude that the trial court did not abuse its discretion in overruling Norris' objection of improper authentication in this case, and further find that Norris' second issue is moot, since the trial court entered a judgment nunc pro tunc removing the assessment of court costs.

However, we note that, in entering the judgment nunc pro tunc, the trial court mistakenly listed the incorrect offense and statute of offense for which Norris was convicted. We have the authority to modify the judgment to make the record speak the truth when the matter has been called to our attention by any source. TEX. R. APP. P. 43.2; *French v. State*, 830 S.W.2d 607, 609

---

[1]*See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 4(a),(d)(5) (West Supp. 2016) (allowing jury to recommend community supervision for indecency with a child if the victim of the offense was not younger than 14 years old).

[2]Norris also appeals one conviction of indecency with a child entered in companion cause number 06-16-00150-CR, two other convictions of sexual assault of a child entered in companion cause numbers 06-16-00152-CR and 06-16-00153-CR, and one conviction for aggravated sexual assault of a child entered in companion cause number 06-16-00154-CR.

(Tex. Crim. App. 1992); *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.). "Our authority to reform incorrect judgments is not dependent on the request of any party, nor does it turn on a question of whether a party has or has not objected in trial court; we may act sua sponte and may have a duty to do so." *Rhoten*, 299 S.W.3d at 356 (citing *Asberry v. State*, 813 S.W.2d 526, 531 (Tex. App.—Dallas 1991, pet. ref'd); *see French*, 830 S.W.2d at 609.

Accordingly, we modify the trial court's judgment nunc pro tunc to reflect that Norris was convicted of sexual assault of a child under Section 22.011 of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 22.011 (West 2011). We affirm the judgment, as modified.


Ralph K. Burgess
Justice


Date Submitted:    April 21, 2017
Date Decided:      April 27, 2017

Do Not Publish