

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-17-00026-CR

VICTOR ANTHONY CRUZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 372nd District Court
Tarrant County, Texas
Trial Court No. 1434356D, Honorable David Scott Wisch, Presiding

August 1, 2017

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Victor Anthony Cruz, appellant, appeals the trial court's judgment by which he was convicted of assault with a deadly weapon and sentenced to twenty-five years' imprisonment. On appeal, he contends that he was entitled to a jury instruction on the use of deadly force in defense of self. He maintains the trial court erred by refusing to include such an instruction in its charge to the jury. We affirm as modified.[1]

---

[1] Because this appeal was transferred from the Second Court of Appeals, we are obligated to apply its precedent when available in the event of a conflict between the precedents of that court and this court. See TEX. R. APP. P. 41.3.

*Background*

Rudy Cruz is appellant's uncle. Rudy rented a home to appellant and appellant's girlfriend, Summer. After a couple of months, domestic discord between appellant and Summer led to arguments and disputes about the couple's continued presence in the home. After Rudy, Rudy's girlfriend, and Summer spent an afternoon together, the family arguments intensified by phone and by text message, and Rudy decided to go over to the home to talk to appellant. When Rudy arrived at the house, appellant was waiting on the front porch. Rudy got out of his truck and moved toward the front gate, and appellant stepped off the porch. Rudy asked appellant, "What the f— is going on here?" Appellant replied in kind by reiterating the question, and Rudy asked the question a third time, "Really, what the f— is going on over here?"

After the two men established that neither knew what was going on, appellant drew his gun from his waistband and shot his uncle. The bullet passed through Rudy's hand, re-entered his body, and lodged in his liver. Rudy retreated to the far side of his truck and pleaded with appellant to put the gun away. As a neighbor summoned emergency personnel, appellant left on foot and was arrested a short time later without incident. He was convicted of aggravated assault with a deadly weapon and sentenced to twenty-five years' imprisonment. He timely appealed and now presents us the issue concerning the trial court's refusal to instruct the jury on self-defense.

*Applicable Law*

When reviewing jury charge error, we first determine if error occurred and, if so, whether it harmed the appellant. *See Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005) (en banc). Furthermore, one is entitled to an instruction on self-defense if

2

evidence appears of record supporting the theory, irrespective of whether that "evidence is weak or strong, unimpeached or contradicted, and regardless of what the trial court may or may not think about the credibility of the defense." *See Hill v. State*, 99 S.W.3d 248, 251 (Tex. App.—Fort Worth 2003, pet. ref'd). Yet, if the evidence, as viewed in the light most favorable to the defendant, does not support self-defense, an instruction is not required. *Trammell v. State*, 287 S.W.3d 336, 341 (Tex. App.—Fort Worth 2009, no pet.).

Use of deadly force against another in self-defense is justified only when the actor reasonably believes such force is immediately necessary to (1) protect the actor or a third person from the other's use or attempted use of deadly force, or (2) prevent the other's imminent commission of aggravated kidnapping, murder, sexual assault, aggravated sexual assault, robbery, or aggravated robbery. TEX. PENAL CODE ANN. § 9.32(a)(2)(A), (B) (West 2011). "Deadly force" is "force that is intended or known by the actor to cause, or in the manner of its use or intended use is capable of causing, death or serious bodily injury." *Id.* § 9.01(3) (West 2011).

*Analysis*

Appellant does not contest the evidence that he used deadly force when he shot Rudy. Neither the record nor appellant suggests that Rudy was attempting to commit one of the listed offenses in § 9.32(a)(2)(B). We, therefore, must determine whether there is some evidence that appellant reasonably believed that shooting Rudy was immediately necessary to protect himself from Rudy's use or attempted use of deadly force. *See id.* § 9.32(a)(2)(A).

3

The record reveals no evidence that Rudy had a weapon. Nor is there any evidence that Rudy issued any verbal announcement of his intent to use deadly force against appellant. And, though the evidence suggests that Rudy was angry at having to deal with the family "drama," it does not suggest that he made any aggressive motion toward appellant. Indeed, according to accounts from both Rudy and a witness to the exchange, the two men were separated by up to seven feet. Between the two was also a four-foot-high chain link fence. Further, appellant showed no signs of having been in a struggle of any sort. Even if Rudy's initial inquiry could be characterized as threatening in some way, verbal provocation will not justify use of force. *See id.* § 9.31(b)(1) (West 2011). So, our review of the record yields no evidence that suggests a rational factfinder could reasonably conclude appellant reasonably believed (when he shot Rudy) that he needed to use deadly force to protect himself or others against Rudy's purported use or attempted use of deadly force.

Appellant maintains that the trail of blood along the driver's side of the truck suggested the possibility that Rudy could have returned to his truck and stored a weapon in there after the incident and points out that law enforcement never searched Rudy's truck for a weapon. What appellant fails to explain is how the victim's running to the truck ***after being shot*** could lead someone to believe that the victim was using or attempting to use force immediately before being shot. The reasonable or logical nexus escapes us, as it most likely did the trial court.

Appellant also contends that the fact that the bullet entered the back of Rudy's hand and then passed through it to lodge in his liver is evidence of the possibility that Rudy might have been reaching for or holding a weapon. Again, there was no evidence

4

of a weapon on Rudy's person before, during, or after the shooting. Nor have we been cited to evidence suggesting that Rudy ever carried a weapon or had violent tendencies of which appellant knew. Nor have we been cited to evidence that the location of Rudy's hand near his general gastrointestinal area when shot arose from a furtive gesture. Nor have we been cited to evidence indicating that appellant even saw the location of Rudy's hand in the general vicinity of his gut. So, this possibility of Rudy reaching for or holding a deadly weapon simply due to the location of his hand by his stomach is simply unfounded speculation, and, more importantly, speculation is not evidence. *See Awde v. State*, No. 07-16-00164-CR, 2017 Tex. App. LEXIS 4024, at *11–12 (Tex. App.—Amarillo May 3, 2017, pet. filed) (mem. op., not designated for publication).

Even viewing the evidence in the light most favorable to appellant, we cannot say that the evidence raised the issue of self-defense by deadly force. Thus, the trial court did not err in refusing to instruct the jury on self-defense, and we overrule the issue.

One other matter needs our attention. Appellant was originally charged with aggravated assault with a deadly weapon on a family member. *See* TEX. PENAL CODE ANN. § 22.02(b)(1) (West 2011). The trial court's judgment reflects that appellant was convicted of that offense. However, the record reflects that, by agreement, the trial court amended the indictment to delete the family-member allegation. Appellant asks that we modify the trial court's judgment to reflect that he actually was convicted of aggravated assault with a deadly weapon under § 22.02(a). The State agrees with the request. Because an appellate court has the authority to modify a judgment to speak the truth, *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (en banc);

5

*Ramirez v. State*, No. 02-13-00540-CR, 2015 Tex. App. LEXIS 8257, at *24 (Tex. App.—Fort Worth Aug. 6, 2015, pet. ref'd) (mem. op., not designated for publication), and appellant was not convicted of aggravated assault upon a family member with a deadly weapon, we hereby modify the trial court's judgment to reflect he was convicted only of aggravated assault with a deadly weapon. *See* TEX. PENAL CODE ANN. § 22.02(a)(2). The judgment is affirmed as modified.


Brian Quinn
Chief Justice


Do not publish.