Ronald Ray FRENCH, Appellant,

v.

The STATE of Texas, Appellee.

No. 1129–91.

Court of Criminal Appeals of Texas, En Banc.

May 13, 1992.

Steven R. Rosen, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Linda A. West and William Moore, Asst.

Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Presiding Judge.

A jury convicted appellant of attempted murder and assessed punishment at confinement for fifteen years. The Court of Appeals affirmed the conviction. *French v. State*, No. 11–90–085–CR (Tex.App.—Eastland, delivered August 22, 1991). We granted appellant's petition for discretionary review to address two grounds concerning the constitutionality of the parole law instruction included in the trial court's charge to the jury. We also granted review to consider appellant's ground that the Court of Appeals erred in reforming the judgment to reflect the jury's affirmative finding that appellant had used a deadly weapon during the commission of the offense.

In the first of two grounds dealing with the parole law issue, appellant contends that Article 37.07, Section 4, V.A.C.C.P., enacted in 1989 pursuant to the amendment of Article IV, Section 11(a) of the Texas Constitution, is unconstitutional because it violates the due course of law provisions in Article I, Sections 13 and 19 of the Texas Constitution. He argues that the trial court erred in including the instruction in its charge to the jury even though he did not object.

The Court of Appeals disagreed, relying on a case previously decided by that court, *Marks v. State*, 815 S.W.2d 817 (Tex. App.—Eastland 1991), affirmed, 830 S.W.2d 113 (Tex.Cr.App.1992), which held that the due course of law provision was not violated.

In *Oakley v. State*, 830 S.W.2d 107 (Tex. Cr.App.1992), we held that the amendment to Article IV, Section 11(a) removed the due course of law constraints that plagued former Article 37.07, Section 4. Therefore, the Court of Appeals did not err in rejecting appellant's constitutional attack on Ar-

ticle 37.07, Section 4. Appellant's first ground is overruled.

In his second ground pertaining to the parole law instruction, appellant contends the Court of Appeals erred in finding that such instruction did not constitute an *ex post facto* law as applied to him. Appellant committed the offense prior to the effective date of the re-enactment of Article 37.07, Section 4, but his trial occurred in March, 1990, after the 1989 effective date of the re-enactment. Appellant claims he had a substantive right to a punishment hearing "untainted" by the jury instruction concerning the parole law.

The Court of Appeals held that the parole law instruction affected a procedural matter and not any substantive rights. Therefore, *ex post facto* considerations did not apply.

In *Grimes v. State*, 807 S.W.2d 582 (Tex.Cr.App.1991), this Court reaffirmed its adoption of the analysis set out in *Collins v. Youngblood*, 497 U.S. 37, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990), in addressing an *ex post facto* claim. To violate Article I, Section 16, the *Ex Post Facto* provision of the Texas Constitution, a law must punish as a crime an act committed before the law was passed, which was innocent when done; make more burdensome the punishment for a crime after its commission; or deprive one charged with a crime of any defense available according to law at the time the act was committed. *Grimes*, 807 S.W.2d at 585. The inclusion of the parole instruction under Article 37.07, Section 4, simply informs the jury that good conduct time and parole exist, and admonishes the jury that it may not consider the manner in which the parole law may be applied to the defendant. The instruction does not punish as a crime an act previously committed which was innocent when done; it does not make punishment for a crime more burdensome after its commission; and it does not deprive appellant of a defense available to him at the time the act was committed. Application of the parole law instruction to appellant's trial is not prohibited by the *Ex Post Facto* provi-

sion of the Texas Constitution. Appellant's second ground is overruled.

■ The third ground upon which we granted review concerns appellant's contention that the Court of Appeals erred in reforming the judgment to include an affirmative finding of appellant's use of a deadly weapon during the commission of the offense. The indictment specifically alleged the use of a "deadly weapon, namely, a knife." The jury found appellant guilty "as charged in the indictment." The Court of Appeals granted the State's motion to reform the judgment to reflect the jury's affirmative finding.

Appellant relied upon *Creeks v. State*, 773 S.W.2d 334 (Tex.App.—Dallas 1989, pet. ref'd), as authority for his contention that when the State did not raise the affirmative finding issue at trial or by its own appeal or crosspoint of error, the Court of Appeals did not have jurisdiction or authority to reform the judgment.

■ In *Asberry v. State*, 813 S.W.2d 526 (Tex.App.—Dallas 1991, pet. ref'd), in an *en banc* opinion, the Dallas Court of Appeals overruled *Creeks*. The court held that an appellate court has authority to reform a judgment to include an affirmative finding to make the record speak the truth when the matter has been called to its attention by any source. *Asberry*, 813 S.W.2d at 531. We agree. Therefore, we adopt the reasoning set forth in *Asberry* and overrule appellant's ground for review. See also *Rische v. State*, 746 S.W.2d 287, 292 (Tex.App.—Houston [1st] 1988), remanded on other grounds, 755 S.W.2d 477 (Tex.Cr. App.1988), on remand, 757 S.W.2d 518 (Tex. App.—Houston [1st] 1988, pet. ref'd). The judgments of the trial court and the Court of Appeals are affirmed.

CLINTON, J., dissents.

MALONEY, J., not participating.