In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00078-CV

                                                ______________________________

 

 

                                           KRISTI
PIERCE, Appellant

 

                                                                V.

 

                                PELTIER CHEVROLET, INC., Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the County
Court at Law No. 3

                                                             Smith County, Texas

                                                          Trial Court
No. 57,714-B

 

                                                           
                                       

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            Kristi
Pierce, the sole appellant in this case, has filed a motion seeking to dismiss
her appeal.[1]  Pursuant to Rule 42.1 of the Texas Rules of
Appellate Procedure, her motion is granted. 
Tex. R. App. P. 42.1.

            We
dismiss the appeal.

 

 

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          August
10, 2010         

Date Decided:             August
11, 2010

 

 

 

 

 











[1]Originally
appealed to the Twelfth Court of Appeals, this case was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization
efforts.  See Tex. Gov’t Code Ann.
§ 73.001 (Vernon 2005). 








3]
“incorrectly reflect[s] that Mr. Phillips entered a plea of ‘true’ to the
entirety of the Motion to Adjudicate.” 
Phillips argues that, although he pled true to several allegations of
community supervision violations, he pled “not true” as to one allegation.  He urges this Court to reform the portion of
the judgment stating “Plea to Motion to Adjudicate:  True.”  The
State has agreed that “the Court has the authority to correct this mistake in
the judgment.”  We modify the judgment
accordingly.

            The Texas Rules
of Appellate Procedure give this Court authority to reform judgments to make
the record speak the truth when the matter has been called to our attention by
any source.  Tex. R. App. P. 43.2; French v. State, 830 S.W.2d 607, 609 (Tex.
Crim. App. 1992); Rhoten v. State,
299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.).  The record reflects that Phillips pled true
to the following allegations in the State’s motion to adjudicate:  commission of the new offense of fleeing from
a police officer, change of address without permission, and failure to pay
court-appointed counsel fees.[4]  With respect to the allegation that Phillips
attempted to alter or falsify drug test results by “flushing with water,” however,
a plea of “not true” was entered.  

            We hereby
modify the trial court's judgment to reflect Phillips’ plea of “true” to the
allegations contained within paragraphs II, III, and VII of the State’s motion
to adjudicate and his plea of “not true” to the allegation contained within
paragraph VI.

            We affirm the
trial court’s judgment as modified.

 

 

 

                                                                                    Josh R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          June
15, 2011  

Date Decided:             June
16, 2011

 

Do Not Publish

 

 

 











[1]Originally appealed to the Twelfth Court of Appeals,
this case was transferred to this Court by the Texas Supreme Court pursuant to
its docket equalization efforts.  See Tex.
Gov’t Code Ann. § 73.001 (Vernon 2005). 
We are unaware of any conflict between precedent of the Twelfth Court of
Appeals and that of this Court on any relevant issue.  See
Tex. R. App. P. 41.3.

 





[2]Phillips
presents a single brief
addressing this case and the trial court’s adjudication of guilt for a separate
offense of possession of a controlled substance.  The issues and arguments are the same for
both convictions, and we reach the same conclusion in both cases.  Please see our opinion of instant date, Phillips
v. State, cause number
06-11-00020-CR.

 





[3]Phillips
does not challenge the sufficiency of the evidence supporting revocation.





[4]The
allegations to which Phillips pled true were contained within paragraphs II,
III, and VII in the State’s motion to adjudicate guilt.  The State abandoned the allegations contained
in paragraphs IV and V.  Phillips pled
“not true” to Paragraph VI.  There was no
allegation contained in paragraph I.