

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00179-CR

_____

KYRIAN CAMPBELL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 114th Judicial District Court
Smith County, Texas
Trial Court No. 114-0229-10

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

## I. BACKGROUND

After his indictment for aggravated assault with a deadly weapon,[1] Kyrian Campbell entered a plea of guilty and, pursuant to a plea agreement, was sentenced to serve eight years' deferred adjudication community supervision.[2] Thereafter, the State filed an application to proceed to final adjudication, alleging that Campbell violated the terms of his community supervision. At the hearing on final adjudication, Campbell entered a plea of "true" to paragraphs one, three, and four of the application.[3] Campbell pleaded "not true" to paragraph two of the application, alleging possession of a firearm in direct violation of the conditions of community supervision. The State abandoned paragraph five of the application. Following a hearing on the allegations, the trial court found all allegations to be true, adjudicated Campbell's guilt, and sentenced him to serve a period of twenty years' confinement in the Texas Department of Criminal Justice.

---

[1]TEX. PENAL CODE ANN. § 22.02 (Vernon Supp. 2010).

[2]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[3]Paragraph one of the application alleged that Campbell entered a plea of guilty to the offense of aggravated assault with a deadly weapon on May 13, 2010, and was thereafter placed on community supervision for a period of eight years. Paragraph three of the application alleged that Campbell violated the conditions of community supervision in that he had contact with law enforcement on June 8, 2010, and failed to inform the supervision officer of said contact within forty-eight hours, in direct violation of the conditions of community supervision. Paragraph four of the application alleged that Campbell had contact with a person convicted of a felony offense on June 8, 2010, in direct violation of the conditions of community supervision.

## II.  ANALYSIS

Campbell concedes that the procedural and evidentiary requirements were met to support the trial court's revocation of community supervision.   On appeal, Campbell's only complaint is that the written judgment incorrectly reflects that Campbell pleaded "true" to the entirety of the State's motion to revoke.   Because Campbell concedes that the trial court acted within its discretion in revoking his community supervision, we only address Campbell's complaint regarding the failure of the written judgment to comport with Campbell's verbal pleas at the time of the hearing on the State's application to proceed to final adjudication.

The record is clear that Campbell entered pleas of "true" only to three of the allegations made against him in the State's application to proceed to final adjudication.   Campbell then entered a plea of "not true" to the allegation of possessing a firearm in violation of the conditions of community supervision.   However, the judgment adjudicating guilt states that Campbell pled "true" to the motion to adjudicate.   This is inaccurate, since Campbell did not plead "true" to all of the five allegations set forth in the motion.   Rather, he pled "true" to only three of those allegations and "not true" to one of the allegations.   No plea was entered with respect to the final allegation, which was abandoned by the State.

The Texas Rules of Appellate Procedure give this Court authority to modify judgments to make the record speak the truth when the matter has been called to our attention by any source. TEX. R. APP. P. 43.2; *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Rhoten v.*

3

*State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.).  Accordingly, we modify the trial court's judgment to reflect a plea of "true" only to allegation numbers one, three, and four and to omit a plea of "true" to allegation number two.

## II.  CONCLUSION

As modified, we affirm the judgment of the trial court.

Bailey C. Moseley
Justice

Date Submitted:  January 6, 2011
Date Decided:   January 7, 2011

Do Not Publish

4