In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00179-CR

                                                ______________________________

 

 

                                      KYRIAN CAMPBELL,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 114th
Judicial District Court

                                                             Smith County, Texas

                                                       Trial Court
No. 114-0229-10

 

                                                    
                                              

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM 
OPINION

 

I.          BACKGROUND

            After
his indictment for aggravated assault with a deadly weapon,[1]
Kyrian Campbell entered a plea of guilty and, pursuant to a plea agreement, was
sentenced to serve eight years’ deferred adjudication community supervision.[2]  Thereafter, the State filed an application to
proceed to final adjudication, alleging that Campbell violated the terms of his
community supervision.  At the hearing on
final adjudication, Campbell entered a plea of “true” to paragraphs one, three,
and four of the application.[3]  Campbell pleaded “not true” to paragraph two
of the application, alleging possession of a firearm in direct violation of the
conditions of community supervision.  The
State abandoned paragraph five of the application.  Following a hearing on the allegations, the
trial court found all allegations to be true, adjudicated Campbell’s guilt, and
sentenced him to serve a period of twenty years’ confinement in the Texas
Department of Criminal Justice.  

II.        ANALYSIS

            Campbell concedes that the
procedural and evidentiary requirements were met to support the trial court’s
revocation of community supervision.  On
appeal, Campbell’s only complaint is that the written judgment incorrectly
reflects that Campbell pleaded “true” to the entirety of the State’s motion to
revoke.  Because Campbell concedes that the
trial court acted within its discretion in revoking his community supervision,
we only address Campbell’s complaint regarding the failure of the written
judgment to comport with Campbell’s verbal pleas at the time of the hearing on
the State’s application to proceed to final adjudication.  

            The
record is clear that Campbell entered pleas of “true” only to three of the
allegations made against him in the State’s application to proceed to final
adjudication.  Campbell then entered a
plea of “not true” to the allegation of possessing a firearm in violation of
the conditions of community supervision. 
However, the judgment adjudicating guilt states that Campbell pled “true”
to the motion to adjudicate.  This is
inaccurate, since Campbell did not plead “true” to all of the five allegations
set forth in the motion.  Rather, he pled
“true” to only three of those allegations and “not true” to one of the
allegations.  No plea was entered with
respect to the final allegation, which was abandoned by the State.

            The
Texas Rules of Appellate Procedure give this Court authority to modify judgments
to make the record speak the truth when the matter has been called to our
attention by any source. Tex. R. App. P.
43.2; French v. State, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); Rhoten
v. State, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.).  Accordingly, we modify the trial court’s
judgment to reflect a plea of “true” only to allegation numbers one, three, and
four and to omit a plea of “true” to allegation number two.

II.        CONCLUSION

            As
modified, we affirm the judgment of the trial court. 

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          January
6, 2011

Date Decided:             January
7, 2011

 

Do Not Publish

 

 











[1]Tex. Penal Code Ann. § 22.02 (Vernon
Supp. 2010).

 





[2]Originally
appealed to the Twelfth Court of Appeals, this case was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization
efforts.  See Tex. Gov’t Code Ann.
§ 73.001 (Vernon 2005).  We are unaware
of any conflict between precedent of the Twelfth Court of Appeals and that of
this Court on any relevant issue.  See Tex.
R. App. P. 41.3.

 





[3]Paragraph
one of the application alleged that Campbell entered a plea of guilty to the
offense of aggravated assault with a deadly weapon on May 13, 2010, and was
thereafter placed on community supervision for a period of eight years.  Paragraph three of the application alleged
that Campbell violated the conditions of community supervision in that he had
contact with law enforcement on June 8, 2010, and failed to inform the
supervision officer of said contact within forty-eight hours, in direct
violation of the conditions of community supervision.  Paragraph four of the application alleged
that Campbell had contact with a person convicted of a felony offense on June
8, 2010, in direct violation of the conditions of community supervision.