

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00169-CR

JERRY JOHNSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 5th District Court
Bowie County, Texas
Trial Court No. 13F0152-005

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Jerry Johnson was convicted by a jury of sexual assault of a child[1] and, after pleading true to two enhancement allegations, was sentenced to life imprisonment and fined $10,000.00. On appeal, Johnson claims that he received ineffective assistance of counsel and that his trial was tainted by prosecutorial misconduct.[2] After modifying the judgment to reflect the correct statute and degree for the offense, we affirm the judgment of the trial court.

Johnson, the step-grandfather of Nariyah Crawford,[3] lived at the Crawford residence with Nariyah, her younger sister, and their mother. While the children's mother was away from home working, Johnson sexually assaulted fourteen-year-old Nariyah. Nariyah testified that, on the evening of the assault, her younger sister told her that she was also sexually assaulted by Johnson on the same day he assaulted Nariyah. The sisters discussed Johnson's sexual assault of both girls that day and made a pact not to tell anybody. Before the assaults, Johnson bought the girls inappropriate gifts, including silky panties, pads, and feminine wash.

Approximately five months after the assault, Nariyah's younger sister made an outcry to her mother, who immediately called the police. When the police arrived at the girls' residence, Nariyah gave a statement to the investigating officer regarding Johnson's assault. Approximately one year after the assault, Nariyah began counseling sessions with Megan Shumake, a therapist at the Texarkana Children's Advocacy Center, through which Nayiyah was

---

[1] *See* TEX. PENAL CODE ANN. § 22.011 (West 2011).

[2] Johnson also complains that he was subjected to an unauthorized fine. This point of error is moot. On January 13, 2014, the trial court entered an amended nunc pro tunc judgment eliminating the unauthorized fine.

[3] The child victim has been given this pseudonym to protect her identity.

diagnosed with post-traumatic stress disorder (PTSD) due to the sexual assault. At trial, the State called Shumake to testify as an expert in the field of PTSD in children. Shumake testified that Nariyah suffered from PTSD caused by sexual assault and opined that children rarely fabricate stories of abuse.

In a consolidated trial, Johnson was also convicted of sexual assault of Nariyah's younger sister, Tatiana Crawford (pseudonym). Johnson appeals from his conviction in both cases,[4] claiming that his trial counsel was ineffective because (1) he failed to challenge and exclude testimony that Nariyah's PTSD resulted from sexual abuse, (2) he procured testimony that children rarely fabricate allegations of sexual abuse, and (3) he elicited extraneous-offense evidence during the guilt/innocence phase of the trial. Johnson also claims that, because his trial was tainted by prosecutorial misconduct, his conviction should be reversed. Johnson filed a single brief in both of his appeals in which he raised issues common to both. We addressed each of these issues in detail in our opinion of this date on Johnson's appeal in cause number 06-13-00168-CR. For the reasons stated therein, we likewise conclude that error has not been shown in this case.

We do find, however, that the judgment in this case reflects an incorrect statute for the offense committed. The Texas Rules of Appellate Procedure give this Court authority to modify judgments and correct typographical errors to make the record speak the truth. TEX. R. APP. P. 43.2; *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Land v. State*, 291 S.W.3d

---

[4] Johnson's appeal of his conviction for the aggravated sexual assault of Tatiana is the subject of a separate opinion in this Court's cause number 06-13-00168-CR issued of even date herewith

3

23, 31 (Tex. App.—Texarkana 2009, pet. ref'd) (modifying judgment to reflect correct degree of offense).

Although Johnson was convicted of sexual assault of a child, an offense found in Section 22.011 of the Texas Penal Code, the judgment recites Section 22.021 as the "Statute for Offense." Section 22.021 of the Texas Penal Code, entitled "aggravated sexual assault," does not apply. TEX. PENAL CODE ANN. § 22.021 (West Supp. 2013). We therefore modify the judgment by replacing "22.021" with "22.011," to reflect conviction under the correct statute. Additionally, sexual assault of a child is a second degree felony. While Johnson's punishment was enhanced to be equivalent to that of a first degree felony, this offense should be described as a second degree felony and the punishment should remain unchanged. We therefore further modify the judgment to reflect the correct degree of the offense. *See* TEX. R. APP. P. 43.2(b).

As modified, the judgment of the trial court is affirmed.


Josh R. Morriss, III
Chief Justice

Date Submitted:    March 19, 2014
Date Decided:    May 15, 2014

Do Not Publish