

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00225-CR

ELIZABETH MENDOZA, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 6
Dallas County, Texas
Trial Court No. F12-61870-X

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

After Elizabeth Mendoza pled guilty to the offense of aggravated assault with a deadly weapon, she was placed on deferred adjudication community supervision for a period of two years, in accordance with the terms of a plea agreement with the State.[1]  Thereafter, the State filed a motion to adjudicate guilt.  Mendoza entered an open plea of "true" to the allegations in the State's motion, her community supervision was revoked, and she was sentenced to six years' confinement.  The judgment adjudicating guilt, however, incorrectly indicates that Mendoza's six-year sentence was the result of a plea agreement.  Mendoza asks that the judgment be modified to accurately reflect that she was sentenced pursuant to her open plea of true.  The State agrees that the judgment adjudicating guilt should be modified to correctly reflect that Mendoza entered her plea of true without the benefit of a plea agreement.

The Texas Rules of Appellate Procedure give this Court authority to modify judgments to correct errors and make the record speak the truth.  TEX. R. APP. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.).  Therefore, we modify the judgment to indicate that Mendoza's six-year sentence reflected in the judgment adjudicating guilt for the offense of aggravated assault with a deadly weapon was not imposed pursuant to a plea agreement.

---

[1]Originally appealed to the Fifth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to Section 73.001 of the Texas Government Code.  *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).  We are unaware of any conflict between precedent of the Fifth Court of Appeals and that of this Court on any relevant issue.  *See* TEX. R. APP. P. 41.3.

We affirm the trial court's judgment, as modified.


Josh R. Morriss, III
Chief Justice

Date Submitted:     June 11, 2015
Date Decided:       June 25, 2015

Do Not Publish