

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00227-CR

_____

ELIZABETH SILVA MENDOZA, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 6
Dallas County, Texas
Trial Court No. F13-40734-X

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

After Elizabeth Silva Mendoza pled guilty to the offense of unauthorized use of a motor vehicle, she was placed on two years' deferred adjudication community supervision, in accordance with the terms of a plea agreement with the State.[1] Thereafter, the State filed a motion to adjudicate guilt. Mendoza entered an open plea of "true" to the allegations in the State's motion, her community supervision was revoked, and she was sentenced to ten months' confinement. The judgment adjudicating guilt, however, incorrectly indicates that Mendoza's ten-month sentence was the result of a plea bargain. Mendoza asks that the judgment be reformed to accurately reflect that she was sentenced pursuant to her open plea of true. The State agrees that the judgment adjudicating guilt should be modified to correctly reflect that Mendoza entered her plea of true without the benefit of a plea agreement.

The Texas Rules of Appellate Procedure give this Court authority to modify judgments to correct errors and make the record speak the truth. TEX. R. APP. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.— Texarkana 2009, no pet.). Therefore, we modify the trial court's judgment by deleting any suggestion that Mendoza's ten-month sentence was imposed pursuant to a plea agreement and by clarifying that Mendoza entered an open plea of true to the State's allegations supporting revocation.

---

[1]Originally appealed to the Fifth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to Section 73.001 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Fifth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

As modified, we affirm the trial court's judgment.


Ralph K. Burgess
Justice

Date Submitted:    June 11, 2015
Date Decided:     June 25, 2015

Do Not Publish