

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-16-00112-CR

JOSHUA LEE CARR, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd District Court
Red River County, Texas
Trial Court No. CR02420

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

Joshua Lee Carr pled guilty to and was convicted of burglary of a habitation, a second degree felony offense. During a bench trial on punishment, Carr pled true to the State's single enhancement allegation. The trial court sentenced Carr to forty-five years' imprisonment and ordered him to pay $220.00 in restitution.

On appeal, Carr argues that the trial court's judgment must be modified because it incorrectly listed the offense as a first degree felony and indicated that he pled true to two enhancement allegations.

The State concedes the first point of error, and we, likewise, find that modification of the trial court's judgment is required on this point. "The Texas Rules of Appellate Procedure give this Court authority to modify judgments to make the record speak the truth when the matter has been called to our attention by any source." *Juarez v. State*, 461 S.W.3d 283, 300–01 (Tex. App.—Texarkana 2015, no pet.); *see* TEX. R. APP. P 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); F*rench v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.).

Carr was convicted of burglary of a habitation, a second degree felony. *See* TEX. PENAL CODE ANN. § 30.02(c)(2) (West 2011). Although the enhancement allegation increased the punishment range, making the offense punishable in the same manner as a first degree offense, the degree of the offense remained the same. *See* TEX. PENAL CODE ANN. § 12.42(b) (West Supp. 2016). While the trial court's judgment correctly describes the offense for which Carr was convicted, the judgment incorrectly lists burglary of a habitation as a first degree felony.

2

Accordingly, we modify the trial court's judgment to reflect that a second degree felony is the correct degree of offense.

Carr also argues that the trial court's judgment indicated that he pled true to more than one enhancement allegation. However, our review of the judgment leads us to conclude that this last point is meritless. The judgment reflects a plea of true to only one enhancement and specifically indicates that the State did not have a second enhancement allegation.

We modify the trial court's judgment to reflect that burglary of a habitation is a second degree offense. As modified, we affirm the trial court's judgment.


Josh R. Morriss, III
Chief Justice

Date Submitted:     October 26, 2016
Date Decided:       October 27, 2016

Do Not Publish