**MODIFY and AFFIRM; Opinion Filed January 23, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-17-00103-CR
No. 05-17-00104-CR

**LONNIE RAY FAGAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause Nos. F14-71752-Y & F14-58395-Y**

## MEMORANDUM OPINION

Before Justices Bridges, Myers, and Schenck
Opinion by Justice Schenck

Lonnie Ray Fagan appeals from his convictions for burglary of a habitation. In his first issue, he urges the trial court failed to consider the full range of punishment and predetermined his sentences. In his remaining four issues, Fagan urges this Court to modify the judgments in the two cases. We modify the two judgments and affirm them as modified. TEX. R. APP. P. 47.4.

### BACKGROUND

In trial cause number F14-58395-Y, a grand jury indicted Fagan with intentionally and knowingly entering a habitation without the consent of the owner and there committing theft. That same month, in cause number F14-71752-Y, a grand jury indicated Fagan with intentionally and knowingly entering a habitation without the consent of the owner with the intent to commit theft. In each case, Fagan pleaded guilty pursuant to a plea agreement and judicially confessed. Pursuant

to the plea agreements, the trial court deferred a finding of guilt in each case, and placed Fagan on community supervision for a period of 5 years. The trial court assessed a $2,500 fine and $2,000 restitution in cause number F14-58395-Y, and no fine and $3,700 restitution in cause number F14-71752-Y.

In July and August of 2016, the State moved to proceed with an adjudication of guilt in each case, alleging, among other violations, that Fagan had committed the offense of aggravated assault with a deadly weapon on July 11, 2016. On January 18, 2017, the trial court conducted a hearing on the motions to adjudicate, at which Fagan pleaded not true to the allegations and both sides presented evidence. At the conclusion of the hearing, the trial court found the allegations to be true. On January 27, 2017, the trial court adjudicated Fagan guilty in each case and assessed punishment at ten years' incarceration in each case. Fagan timely appealed both cases.

DISCUSSION

## I.      Did the trial court predetermine its sentence?

In his first issue, Fagan urges that the trial judge predetermined his sentence two years earlier, at the conclusion of the 2015 hearing, when she advised him upon deferring his adjudication, "don't come back in front of me, and then I got to send you to the penitentiary for violating this probation." Fagan argues the foregoing indicates the trial court "predetermined his sentence of incarceration, as opposed to continuing him on probation." The State argues Fagan waived this issue because he failed to object to his sentences as predetermined. *See* TEX. R. APP. P. 33.1. However, the State also acknowledges that prior authority is unclear whether an objection is required to preserve a complaint about a trial court's lack of neutrality. *See Brumit v. State*, 206 S.W.3d 639, 644–45 (Tex. Crim. App. 2006) ("We need not decide today whether an objection below is required to preserve an error of this nature on appeal because the record here does not reflect partiality of the trial court or that a predetermined sentence was imposed.").

To be sure, due process requires a neutral and detached hearing body or officer. *See id.* at 645. Absent a clear showing of bias, however, a trial court's actions will be presumed to have been correct. *Id.*

Assuming, without deciding, Fagan's first issue is properly before us, we conclude the trial court's comments do not indicate predetermined sentences were imposed. The context of the complained of comments are as follows. On July 28, 2015, the trial court conducted a hearing at which, in each of the two cases, Fagan pleaded guilty pursuant to a plea agreement and judicially confessed. In each case, the trial court then accepted the pleas of guilty, deferred adjudication, and placed Fagan on community supervision for a period of five years. At that point, the trial court advised Fagan:

> Your family is out there. They're counting on you. That's why y'all are here, right. They're hoping you won't stay in trouble. They are glad you're not going to the penitentiary. So they don't come back in front of me, and then I got to send you to the penitentiary for violating this probation. Don't put me or yourself in that position, okay.

A careful review of the record of the 2017 hearing reveals additional evidence that the trial court had not predetermined Fagan's punishment and instead considered and rejected continuing Fagan on community supervision in view of his conduct after being placed on deferred adjudication. At the conclusion of the hearing, the trial judge found the allegations of the State's motion to adjudicate to be true, she openly asked, "But the next question is what's the appropriate sentence? What do we do here?" She further noted that Fagan had committed an additional offense of "an aggravated assault shooting into a car" during which "[s]omebody could have gotten killed" and stated "[t]hat's not what probation is for." She continued, "Probation is to rehabilitate you so that you do better, not worse." The trial court judge then offered Fagan the opportunity to testify or present other evidence before she proceeded to sentencing. Fagan chose to rest on his previous argument.

We overrule Fagan's first issue.

## II.     Should the judgments be modified?

In his remaining four issues, Fagan contends the judgments should be reformed as follows. In both cause numbers F14-58395-Y and F14-71752-Y, the judgment should reflect Fagan entered pleas of not true to the State's motions to adjudicate and that he did not enter a plea bargain or an "open plea." The State agrees that the judgments should be modified. The record of the January 18, 2017 hearing reflects Fagan pleaded not true to the allegations in the State's motions to adjudicate. The record contains plea agreements that have been marked through with the type of plea noted as "contested." We have the authority to modify the trial court's judgment to make the record speak the truth. TEX. R. APP. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992). Accordingly, we modify the judgment in each case as follows: (1) "Plea to Motion to Adjudicate: Not True," and "Terms of Plea Bargain: None."

### CONCLUSION

We affirm the trial court's judgments as modified.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

DO NOT PUBLISH
TEX. R. APP. P. 47

170103F.U05

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LONNIE RAY FAGAN, Appellant

No. 05-17-00103-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 7, Dallas County, Texas
Trial Court Cause No. F14-58395-Y.
Opinion delivered by Justice Schenck,
Justices Bridges and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

"Plea to Motion to Adjudicate: Not True," and "Terms of Plea Bargain: None."

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 23rd day of January, 2018.



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

LONNIE RAY FAGAN, Appellant

No. 05-17-00104-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 7, Dallas County, Texas
Trial Court Cause No. F14-71752-Y.
Opinion delivered by Justice Schenck,
Justices Bridges and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

"Plea to Motion to Adjudicate: Not True," and "Terms of Plea Bargain: None."

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 23rd day of January, 2018.