

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00031-CR


EDWARD L. LEWIS, JR., Appellant

V.

THE STATE OF TEXAS, Appellee


On Appeal from the 6th District Court
Red River County, Texas
Trial Court No. CR02495


Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Based on findings that Edward L. Lewis, Jr., failed to comply with the terms and conditions of his community supervision, the trial court revoked his community supervision,[1] sentenced him to ten years' imprisonment, and ordered him to pay a $750.00 fine and $1,373.00 in court costs.

On appeal, Lewis argues that (1) there was no evidence in the record establishing that the psychologist who conducted his competency evaluation was qualified under Article 46B.022 of the Texas Code of Criminal Procedure, (2) there was no evidence in the record establishing that the competency examination was properly conducted pursuant to statutory requirements, (3) the bill of costs improperly included an additional $750.00 fine, and (4) the trial court's judgment incorrectly recited that Lewis pled true to the allegations in the State's motion to revoke his community supervision.

While we agree that the appellate record fails to contain evidence of the psychologist's qualifications to conduct the competency examination and the results of the examination, we conclude that Lewis has failed to preserve those two points of error regarding the psychologist. However, we sustain Lewis' points of error regarding the costs and his plea to the motion to revoke. Accordingly, we modify the trial court's judgment to reflect both a reduction in the amount of court costs to $623.00 and Lewis' plea of not true to the allegations contained in the State's revocation motion. As modified, the judgment of the trial court is affirmed.

---

[1]In 2016, Lewis had pled guilty to family violence assault causing bodily injury, with a prior conviction, a third-degree felony. *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(A) (West Supp. 2017). Pursuant to a plea agreement, the trial court had suspended Lewis' sentence of ten years' imprisonment and fine of $750.00 in favor of placing him on community supervision for a period of five years.

*(1)* *Lewis Preserved Nothing Regarding the Psychologist*

The Texas Code of Criminal Procedure specifies certain qualifying criteria for a psychiatrist or psychologist appointed by a trial court to conduct a competency examination. For example, the psychiatrist or psychologist must be licensed in Texas, must meet certain threshold levels of specialized forensic training, and must obtain a set number of continuing education hours each year, inter alia. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.022 (West 2018). Additionally, the Texas Code of Criminal Procedure lists factors an examining expert must consider in making his or her evaluation of the defendant's competency. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.024 (West 2018). On appeal, Lewis complains that nothing in the record established that the psychologist appointed to conduct his competency examination met the statutory requirements or that he properly conducted the examination in accordance with statutory requirements. Neither complaint was preserved.

To preserve a complaint for our review, a party must first present to the trial court a timely request, objection, or motion stating the specific grounds for the desired ruling if not apparent from the context. TEX. R. APP. P. 33.1(a)(1). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. TEX. R. APP. P. 33.1(a)(2). Lewis made no complaint about the psychologist qualifications to the trial court. He also failed to raise the issue of whether the evaluation was properly conducted. Therefore, we conclude that Lewis failed to preserve his first two points of error for our review.

3

*(2)* *The Judgment Must Be Modified Regarding Court Costs and Lewis' Plea to the Motion to Revoke*

In his other two points of error, Lewis complains of the judgment's imposition of an additional $750.00 fine disguised as court costs and an incorrect recitation that Lewis pled true to the allegations in the State's motion to revoke his community supervision. The State concedes these errors.

We have the authority to modify the judgment to make the record speak the truth when the matter has been called to our attention by any source. TEX. R. APP. P. 43.2; *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.). The appellate record reflects that, in addition to the $750.00 fine reflected in the trial court's judgment, the bill of costs included an additional $750.00 fine, bringing the total to $1,373.00. Lewis argues, and the State agrees, that the additional $750.00 included as court costs must be removed. Further, the reporter's record demonstrates that Lewis pled not true to the allegations in the State's revocation motion. Accordingly, we sustain Lewis' third and fourth points of error.

4

We modify the trial court's judgment by reducing the amount of court costs to $623.00 and to reflect that Lewis pled not true to the allegations contained in the State's revocation motion. We affirm the trial court's judgment, as modified.

Josh R. Morriss, III
Chief Justice

Date Submitted:     September 19, 2018
Date Decided:       September 20, 2018

Do Not Publish