**AFFIRMED AS MODIFIED; Opinion Filed March 11, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00177-CR

## ROLI AROLDO LOPEZ, Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the 199th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 199-81302-2018**

## MEMORANDUM OPINION

Before Justices Myers, Schenck, and Carlyle
Opinion by Justice Schenck

A jury convicted appellant Roli Aroldo Lopez of continuous sexual abuse of a child younger than fourteen years of age, and the trial judge assessed punishment at sixty years' confinement. In two issues, he challenges the sufficiency of the evidence to support the conviction and requests the judgment be modified to correct the name of the "attorney for the defendant." We affirm the trial court's judgment as modified by this opinion. Because all issues are settled in the law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

A.M. was born in February 2006. In December 2016, she moved to Plano where she lived with her cousins, siblings, mother, and stepfather, appellant.[1] According to the trial testimony, when A.M. was in fifth grade, appellant touched her inappropriately and illegally and on at least one other occasion had sexual intercourse with her. After A.M. became visibly pregnant, appellant stopped touching her.

On February 2, 2018, A.M.'s mother took A.M. to have the pregnancy terminated.[2] Appellant and A.M.'s two younger siblings came to the appointment as well. At that appointment, a sonogram technician estimated A.M.'s pregnancy began in mid to late September 2017. The doctor's staff suspected A.M. had been abused, called the police to report their suspicions, and delayed A.M., her family, and appellant until the police arrived.

Appellant was charged by indictment for continuous sexual abuse of a child younger than fourteen. Appellant pleaded not guilty, and the case proceed to trial before a jury, which found appellant guilty as alleged in the indictment. The trial judge sentenced appellant to sixty years' confinement.

---

[1] Although there is no evidence appellant was married to A.M.'s mother, A.M. referred to appellant as her "stepfather" throughout her testimony, so we refer to him as such as well.

[2] Following her sonogram, A.M.'s pregnancy was not terminated.

DISCUSSION

*I.    Sufficiency of the Evidence*

In his second issue, appellant argues the evidence is insufficient to establish he sexually assaulted A.M. at least twice over a duration of 30 or more days.

A person commits the offense of continuous sexual abuse of a child if, during a period that is thirty or more days in duration, he commits two or more acts of sexual abuse and, at the time of the commission of each act, he is seventeen years of age or older and the victim is a child younger than fourteen. TEX. PENAL CODE ANN. § 21.02(b). Although the exact dates of the abuse need not be proven, the offense does require proof that two or more acts of sexual abuse occurred during a period of thirty days or more. *Garner v. State*, 523 S.W.3d 266, 271 (Tex. App.—Dallas 2017, no pet.); *see* PENAL § 21.02(d) (jury not required to unanimously agree on which specific acts of sexual abuse were committed by defendant or exact dates when those acts occurred, but jury must agree unanimously that defendant, during period of thirty or more days, committed two or more acts of sexual abuse).

In determining the sufficiency of the evidence, the reviewing court considers the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Acosta v. State*, 429 S.W.3d 621, 624–25 (Tex. Crim. App. 2014). The jury is the sole judge of the credibility and weight to attach to witness testimony. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The testimony of a child

victim alone is sufficient to support a conviction for continuous sexual abuse of a child. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07(a); *Garner v. State*, 523 S.W.3d 266, 271 (Tex. App.—Dallas 2017, no pet.).

At trial, the evidence established A.M. was twelve years old when she delivered her baby. Appellant was thirty-seven at the time of trial. Appellant testified in his own defense and admitted to having intercourse with A.M. during the last week of September and the first week of October 2017. Thus, the evidence is sufficient to establish appellant committed at least two acts of sexual abuse and at the time he was older than seventeen and A.M. was younger than fourteen. *See* TEX. PENAL CODE ANN. § 21.02(b). The only element appellant challenges on appeal is whether he abused A.M. at least twice *over a duration of 30 or more days*.

We conclude there is sufficient evidence that at least two acts of sexual abuse occurred between December 2016 and September 2017. A.M. testified she was born in February 2006, she moved to Plano when she was approximately ten years old, and that appellant first sexually abused her at or about the time she moved to Plano. Appellant testified that he met A.M. when she moved to Plano in December 2016, and the investigating detective testified A.M. began attending school in Plano in January 2017. A.M. testified regarding four separate instances of appellant sexually abusing her, which a reasonable juror could rationally infer took place over the

period of time between December 2016 and September 2017.[3]  After A.M.'s baby was born, the investigating police detective obtained DNA samples from A.M., her baby, and appellant.  At trial, an expert testified that, based on an analysis of the DNA collected, appellant could not be excluded as the father of A.M.'s baby, but at least 99.999999995 percent of the male population was excluded.  Additionally, the sonogram technician testified A.M.'s pregnancy began in mid to late September 2017.

Appellant challenges A.M.'s testimony, noting inconsistencies in the number of times she stated appellant abused her and when the abuse occurred.  However, as the exclusive judge of the credibility of the witnesses and the weight to be given their testimony, the jury had to resolve this conflicting testimony.  *McCay v. State*, 476 S.W.3d 640, 651 (Tex. App.—Dallas 2015, pet. ref'd).

Deferring to the jury's determination of the credibility of the witnesses and the weight to be given their testimony, based on the cumulative force of all the evidence when viewed in the light most favorable to the verdict, and considering the reasonable inferences to be drawn from that evidence, we conclude a rational trier of fact could have found more than one act of sexual abuse occurred over a duration of 30 or more days between December 2016 and September 2017; that these acts

---

[3] According to A.M., during some of the instances of abuse, it was cold outside and other times it was warm outside.

occurred while A.M. was younger than fourteen; and that appellant was older than seventeen beyond a reasonable doubt. We overrule appellant's second issue.

## II.    *Modification of the Judgment*

In his first issue, appellant requests this Court modify the judgment to reflect the name of the attorney who represented him at trial. The judgment reflects the "attorney for defendant" was Robert Herrington. However, the record reflects appellant was represented at trial by Servando J. McHazlett and that Mark Underwood assisted Mr. Hazlett as co-counsel. The State agrees with appellant's request.

We have the authority to modify the trial court's judgment to make the record speak the truth. TEX. R. APP. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1991). We sustain appellant's first issue and modify the judgment to reflect the "attorney for defendant" was Servando J. McHazlett.

## CONCLUSION

We modify the judgment to reflect "attorney for defendant" was Servando J. McHazlett and affirm the judgment as modified.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

DO NOT PUBLISH
TEX. R. APP. P. 47
190177F.U05

–6–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROLI AROLDO LOPEZ, Appellant

No. 05-19-00177-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 199th Judicial District Court, Collin County, Texas Trial Court Cause No. 199-81302-2018.
Opinion delivered by Justice Schenck. Justices Myers and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

We sustain appellant's first issue and modify the judgment to reflect the "attorney for defendant" was Servando J. McHazlett.

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 11th day of March, 2020.