**AFFIRM AS MODIFIED; Opinion Filed December 11, 2020**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-01493-CR

**DELVRON TURNER, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F13-60042-R**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Partida-Kipness
Opinion by Justice Schenck

Delvron Turner appeals his conviction for aggravated robbery. In his first issue, appellant urges a portion of the time payment fee is facially unconstitutional. In his second issue, appellant argues the judgment should be modified to reflect the community-supervision conditions he was found to have violated. We affirm the judgment as modified below. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

Appellant was charged by indictment with the offense of aggravated robbery with a deadly weapon. On December 18, 2013, appellant entered into a plea bargain agreement with the State. The trial court accepted appellant's plea and judicial confession and placed appellant on deferred adjudication community supervision for a period of six years.

On December 1, 2017, the State filed a third motion to proceed with an adjudication of guilt, and later on November 4, 2019, the State filed an amended motion.[1] The trial court conducted a hearing on the State's amended motion at which appellant entered a plea of true to all allegations with the exception of the allegation he failed to complete community services hours as directed (allegation L). The trial court admitted appellant's written plea of true and judicial confession. The trial court also took judicial notice of the contents of the court's file. The trial court found appellant guilty of the charged offense, made an affirmative deadly-weapon finding, revoked his community supervision, and sentenced him to five years' confinement.

## DISCUSSION

In his first issue, appellant contends a portion of a $25 time payment fee assessed as part of the court costs in the arson case under section 133.103 of the

---

[1] On July 11, 2014, the State filed its first motion to proceed with an adjudication of guilt and later filed an amended motion on February 2, 2015, which it subsequently withdrew when the trial court entered an order modifying the conditions of community supervision. On September 24, 2015, the State filed a second motion, which the trial court denied, but the trial court also entered orders modifying the conditions of community supervision and extending the period of community supervision for one year.

Local Government Code is facially unconstitutional. This Court recently addressed this exact issue and concluded subsections (b) and (d) of section 133.103 are facially unconstitutional. *See Ovalle v. State*, 592 S.W.3d 615, 618 (Tex. App.—Dallas 2020, pet. filed). Acknowledging this Court's holding in *Ovalle*, the State agrees that the $25 fee labeled as "IP PLN" should be reduced by $22.50 to $2.50.

Accordingly, we sustain appellant's first issue and modify the trial court's judgment to reduce the total amount of court costs by $22.50 to reflect the reduction in the time payment fee from $25 to $2.50.

In his second issue, appellant argues the judgment should be modified to reflect the community-supervision conditions he was found to violate. The State's amended motion alleged appellant had violated conditions A, B, C, D, E, H, J, K, L, N, and T. At the hearing, the State withdrew its allegation pertaining to condition L, and appellant entered pleas of true to the remaining alleged violations. The written judgment, however, lists condition L as one of the conditions appellant violated.

This Court has the power to modify an incorrect judgment to make the record speak the truth when we have the necessary information before us to do so. *See* TEX. R. APP. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992). Accordingly, we sustain appellant's second issue and modify the judgment to delete condition L from the judgment as a condition appellant violated.

## CONCLUSION

As modified, we affirm the trial court's judgment.

/David J. Schenck/

DAVID J. SCHENCK
JUSTICE

DO NOT PUBLISH
Tex. R. App. P. 47
191493F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DELVRON TURNER, Appellant

No. 05-19-01493-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District Court, Dallas County, Texas Trial Court Cause No. F13-60042-R. Opinion delivered by Justice Schenck. Justices Osborne and Partida-Kipness participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

We modify the trial court's judgment to reduce the total amount of court costs by $22.50 to reflect the reduction in the time payment fee from $25 to $2.50.

We modify the judgment to delete condition L from the judgment as a condition appellant violated.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 11th day of December, 2020.