

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00411-CR

Shandon **KHABAZIAN**,
Appellant

v.

**STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CR8957
Honorable Jennifer Pena, Judge Presiding

Opinion by:   Irene Rios, Justice

Sitting:      Rebeca C. Martinez, Justice
              Irene Rios, Justice
              Beth Watkins, Justice

Delivered and Filed: December 23, 2020

AFFIRMED AS MODIFIED

Shandon Khabazian appeals his conviction for aggravated robbery. In his first issue, Khabazian argues his conviction must be reversed because he was denied effective assistance of trial counsel during the guilt-innocence phase of trial. In his second issue, Khabazian argues the judgment contains an error requiring modification. We affirm the judgment as modified.

## BACKGROUND

Khabazian was charged by indictment with aggravated robbery. He pleaded not guilty and the case proceeded to trial before a jury. At trial, the complainant, Victor Dimas, testified about

his encounter with Khabazian on the night of the robbery. Specifically, Dimas testified that he had met Khabazian through "Craigslist" and had invited Khabazian to his apartment. While Khabazian was in Dimas's apartment, Khabazian pointed a gun at him and, among other things, ordered Dimas to drive to an automated teller machine (ATM) to withdraw money from Dimas's bank account. Dimas complied with Khabazian's demands. Dimas's friend, Elliot Roman, also testified at trial. Roman spoke to and saw Dimas shortly after the robbery and described him as "crying," "shaking," and "really frightened." Other evidence included time-stamped security camera photographs showing Dimas's vehicle at the ATM at the time of the robbery and an audio recording of Khabazian's statement to police in which Khabazian stated, "I needed money . . . I needed it to provide for my son." He also admitted, "Yeah, I fucked up," "I did, you know," and "I hated it when I left." Khabazian also stated in the audio recording, "I didn't enjoy it. I didn't get a high from it…. It's an easy way to make money." The jury found Khabazian guilty of aggravated robbery. Khabazian elected for the trial court to determine his sentence. The trial court found the repeat offender enhancement in the indictment to be true and assessed punishment at forty years' imprisonment. This appeal followed.

## INEFFECTIVE ASSISTANCE OF COUNSEL

"To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate two things: deficient performance and prejudice." *Miller v. State*, 548 S.W.3d 497, 499 (Tex. Crim. App. 2018). A defendant must show that (1) his trial counsel's representation fell below the objective standard of reasonableness, and (2) a reasonable probability exists that but for counsel's deficiency the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *see Hernandez v. State*, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986) (applying *Strickland* to an ineffective assistance claim under the Texas Constitution). A defendant bears the burden of proving both elements by a preponderance of the evidence.

*Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Id*. A court need not address both elements of an ineffective assistance of counsel claim when the defendant makes an insufficient showing as to either element. *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id*. When evaluating an ineffectiveness claim, courts consider the totality of the evidence. *Perez v. State*, 310 S.W.3d 890, 894 (Tex. Crim. App. 2010).

As to the first element—deficient performance—Khabazian argues trial counsel mishandled State's Exhibit 31, the audio recording of Khabazian's interview with police. Trial counsel lodged multiple objections to State's Exhibit 31, some of which the trial court sustained. However, Khabazian faults trial counsel for (1) not ensuring that State's Exhibit 31 was redacted in accordance with the trial court's rulings on his objections, and (2) not objecting to other parts of the audio recording. As to the second element—prejudice—Khabazian does not explain in his appellate briefing, much less prove by a preponderance of the evidence, that a reasonable probability exists that, absent trial counsel's alleged errors, the outcome of his trial would have been different.

We resolve Khabazian's ineffective assistance claim based on the prejudice element. To establish the prejudice element, a defendant is required to prove that a reasonable probability exists that but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. "A reasonable probability is 'a probability sufficient to undermine confidence in the outcome.'" *Perez*, 310 S.W.3d at 894 (quoting *Strickland*, 466 U.S. at 694). It is not enough for the defendant to show that trial counsel's errors had "some conceivable effect" on the trial's outcome. *Id*. Instead, the defendant must show that "'there is a reasonable

probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt.'" *Id.* (quoting *Strickland*, 466 U.S. at 695).

Khabazian's primary complaint about State's Exhibit 31 is that it contained references to uncharged prior bad acts he allegedly committed and the complainant's credibility. Having reviewed the totality of the evidence, we conclude these references do not undermine confidence in the outcome of Khabazian's trial. The jury was presented with compelling evidence of Khabazian's guilt. The complainant, Dimas, testified at trial, identifying Khabazian and giving a detailed account of the robbery. Roman, a friend who saw Dimas shortly after the robbery, testified that Dimas was "crying," "shaking," and "really frightened" by his encounter with Khabazian. The evidence also included security camera photographs showing Dimas's car at the ATM at the time of the robbery and Khabazian's police interview in which he made damaging admissions about the robbery. A reasonable probability does not exist that, absent trial counsel's alleged errors, the jury would have had a reasonable doubt regarding Khabazian's guilt. We conclude Khabazian has not met his burden to prove the prejudice element and, therefore, his claim of ineffective assistance of trial counsel must fail. *See Strickland*, 466 U.S. at 694-95; *Perez*, 310 S.W.3d at 897. We overrule Khabazian's first issue.

**ERROR IN THE JUDGMENT**

In his second issue, Khabazian complains the judgment incorrectly reflects that he pleaded "True to Repeater" to the first enhancement paragraph in the indictment and asks us to modify the judgment. The State acknowledges that Khabazian did not enter a plea to the first enhancement paragraph and agrees that the judgment should be modified.

We may correct the trial court's judgment when we have the necessary information to do so. *See French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (recognizing appellate courts are authorized to reform a judgment to "make the record speak the truth"). Here, the record shows

that Khabazian did not enter a plea to the first enhancement paragraph in the indictment. We sustain Khabazian's second issue and modify the judgment to reflect that Khabazian entered "No Plea" to the first enhancement paragraph in the indictment. *See Hernandez v. State*, No. 04-18-00265-CR, 2019 WL 2013861, at *1 (Tex. App.—San Antonio May 8, 2019, no pet.) (not designated for publication) (modifying the judgment to accurately reflect the proceedings).

## CONCLUSION

For the above reasons, the trial court's judgment is affirmed as modified.

Irene Rios, Justice

Do not publish