

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-24-00222-CR
No. 02-24-00228-CR

———————————————————

JON RYAN BRAUN, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 271st District Court
Wise County, Texas
Trial Court Nos. CR22194, CR22110

Before Sudderth, C.J.; Wallach and Walker, JJ.
Memorandum Opinion by Justice Walker

**MEMORANDUM OPINION**

In this appeal from judgments adjudicating Jon Ryan Braun guilty of unlawful possession of a firearm by a felon and evading arrest or detention with a vehicle, Braun seeks only corrections to the judgments. In one issue in each appeal, he contends that the judgment incorrectly states that he pleaded true to the State's allegations in its petitions to adjudicate, including one the State had waived.[1] We modify the judgments to correct these errors.

In trial court cause number CR22194, Braun pleaded guilty to unlawful possession of a firearm by a felon in exchange for ten years' deferred-adjudication community supervision. On the same day, in cause number CR22110, Braun pleaded guilty to evading arrest or detention with a vehicle in exchange for ten years' deferred-adjudication community supervision. A little over six months later, the State filed petitions to adjudicate Braun guilty in both cases, alleging in part that he had committed a new offense. The State amended its petitions twice.

At the hearing on the State's Second Amended Motions to Proceed to Adjudication, which contained identical allegations, the State waived the sixth allegation in each petition (numbered paragraph 17), and Braun pleaded not true to the other five allegations. After an evidentiary hearing, the trial court adjudicated

_____

[1]Although the prayer in Braun's appellate brief seeks a reversal and judgment of acquittal, Braun raises no complaint that would warrant such relief. *See* Tex. R. App. P. 38.1(f); *Lucio v. State*, 351 S.W.3d 878, 896 (Tex. Crim. App. 2011) (holding that complaint can be waived if not adequately briefed).

Braun guilty of the unlawful-firearm-possession offense and the evading offense and assessed his sentences at twelve years' confinement, with the sentences to be served concurrently.

Both judgments signed by the trial court indicate that Braun pleaded "True" to the motions to adjudicate and that he violated the waived Paragraph 17. Braun asks this court to modify the judgments "to accurately reflect" the trial court proceedings. The State did not file a brief but instead sent this court a letter in which it agrees that the judgments are incorrect as argued by Braun and should be reformed.

We have the "authority to reform a judgment to . . . make [it] speak the truth" when the record provides the information necessary to do so. *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992). Accordingly, we modify the judgment in trial court cause number CR22194 as follows:

- On page one, underneath the heading "Plea to Motion to Adjudicate," the word TRUE should be changed to "NOT TRUE."

- On page two, the sentence "While on community supervision, Defendant violated the terms and conditions of community supervision as set out in the State's AMENDED Motion to Adjudicate Guilt as follows: 1;2;4;12;13;17," should be changed to "While on community supervision, Defendant violated the terms and conditions of community supervision as set out in the State's second AMENDED Motion to Adjudicate Guilt as follows: 1;2;4;12;13."

We also modify the judgment in cause number CR22110 as follows:

- On page one, underneath the heading "Plea to Motion to Adjudicate," the word TRUE should be changed to "NOT TRUE."

- On page two, the sentence "While on community supervision, Defendant violated the terms and conditions of community supervision as set out in the

3

State's AMENDED Motion to Adjudicate Guilt as follows: 1;2;4;12;13;17," should be changed to "While on community supervision, Defendant violated the terms and conditions of community supervision as set out in the State's second AMENDED Motion to Adjudicate Guilt as follows: 1;2;4;12;13."

We affirm the judgments as modified.

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  April 10, 2025