

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00215-CR

JIMMIE DONALD HILL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 19-0246X

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

# MEMORANDUM OPINION

A Harrison County jury convicted Jimmie Donald Hill of felony escape[1] and assessed him a punishment of five years' imprisonment. In this appeal, Hill complains that he was egregiously harmed by the trial court's jury instruction that included references to "good time" credit. We find no error, and we will affirm the trial court's judgment. However, we will modify the judgment to reflect the correct degree of the offense.

## I.        Standard of Review

"We employ a two-step process in our review of alleged jury charge error." *Murrieta v. State*, 578 S.W.3d 552, 554 (Tex. App.—Texarkana 2019, no pet.) (citing *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994)). "Initially, we determine whether error occurred and then evaluate whether sufficient harm resulted from the error to require reversal." *Id*. (quoting *Wilson v. State*, 391 S.W.3d 131, 138 (Tex. App.—Texarkana 2012, no pet.) (citing *Abdnor*, 871 S.W.2d at 731–32)). We only evaluate for harm if we find that error occurred.

"[T]he jury is the exclusive judge of the facts, but it is bound to receive the law from the court and be governed thereby." *Id*. (quoting TEX. CODE CRIM. PROC. ANN. art. 36.13). "A trial court must submit a charge setting forth the 'law applicable to the case.'" *Id*. (quoting *Lee v. State*, 415 S.W.3d 915, 917 (Tex. App.—Texarkana 2013, pet. ref'd) (quoting TEX. CODE CRIM. PROC. ANN. art. 36.14)). "The purpose of the jury charge . . . is to inform the jury of the applicable law and guide them in its application. It is not the function of the charge merely to avoid misleading

---

[1]*See* TEX. PENAL CODE ANN. § 38.06(c)(1).

or confusing the jury: it is the function of the charge to lead and prevent confusion." *Id*. (quoting *Lee*, 415 S.W.3d at 917; *Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007)).

## II. Analysis

In his sole issue, Hill asserts that the trial court erred by including references to "good time" credit in its instruction on the application of parole law to any sentence assessed by the jury. Hill points out that in 2019, the Texas Legislature amended Article 37.07 of the Texas Code of Criminal Procedure, which sets forth the instructions to be given to the jury regarding the effect of parole on any sentence assessed. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07 (Supp.). Hill argues that 2019 amendments deleted any references to "good time" credit and that the trial court erred in including a jury instruction under the prior statute that referred to "good time" credit. We disagree.

"The Texas Code of Criminal Procedure 'specifically sets out three lengthy, alternative jury charges concerning the parole law; and those are to be chosen based on a very exacting and at least potentially confusing set of conditions.'" *Murrieta*, 578 S.W.3d at 554 (quoting *Stewart v. State*, 293 S.W.3d 853, 855 (Tex. App.—Texarkana 2009, pet. ref'd) (citing TEX. CODE CRIM. PROC. ANN. art. 37.07, § 4(a)–(c)). "Depending on the offense of which a defendant has been convicted, whether his . . . sentence is to be enhanced, and whether a deadly-weapon finding has been made . . . , the trial court is to select which one of the three alternatives will be given to the jury." *Id*. (citing *Stewart*, 293 S.W.3d at 855–56).

Prior to the 2019 amendments, the instructions contained in subsections (a), (b), and (c) of Article 37.07 each contained references to the "award of good conduct time," commonly referred to as "good time" credit. *See* Act of May 26, 2015, 84th Leg., R.S., ch. 770, 2015 Tex. Gen. Laws

2321, 2367–68 (amended 2019) (current version at TEX. CODE CRIM. PROC. art. 37.07, § 4(a)–(c) (Supp.)).   In 2019, the Legislature removed all references to "good conduct time" in the instructions contained in subsection (a), but the references to "good conduct time" were retained in the instructions contained in subsections (b) and (c), with some minor changes.[2] *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 4(a)–(c).

In this case, Hill was charged with felony escape, a third-degree felony, and the punishment was enhanced to that of a second-degree felony with one prior felony conviction.  Section 4(c) of Article 37.07 provides, in relevant part, that the jury is to be charged with the instructions contained in that subsection "[i]n the penalty phase of the trial of a felony case in which the punishment is to be assessed by the jury rather than the court, if the offense is punishable as a felony of the second or third degree."  TEX. CODE CRIM. PROC. ANN. art. 37.07, § 4(c).  Consequently, subsection (c) contains the applicable instructions in this case.

Section 4(c) provides that the following instructions are to be given to the jury in the penalty phase of the trial:

> "The length of time for which a defendant is imprisoned may be reduced by the award of parole.
>
> "Under the law applicable in this case, the defendant, if sentenced to a term of imprisonment, may earn early parole eligibility through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and attempts at rehabilitation.  If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time earned by the prisoner.

---

[2]Since Hill was sentenced in October 2019 and the 2019 amendments are effective as to any defendant sentenced after September 1, 2019, the current statute applies to this case.  *See* Act of May 15, 2019, 86th Leg., R.S., ch. 260, 2019 Tex. Sess. Law Serv. 1, 6.

4

"Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, the defendant will not become eligible for parole until the actual time served plus any good conduct time earned equals one-fourth of the sentence imposed. Eligibility for parole does not guarantee that parole will be granted.

"It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.

"You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant."

*Id.* The trial court's instructions, while not identical to these instructions, were substantially similar to the instructions required by subsection (c). Hill only complains that the trial court's instructions included *any* references to good conduct time. He does not complain about any differences between the trial court's instructions regarding good conduct time and the language now required by subsection (c). Since subsection (c) requires that the jury be instructed about good conduct time, we cannot say that the trial court's instructions were erroneous. We overrule Hill's issue.

## III. The Judgment Must Be Modified

Even though we have overruled Hill's sole issue, we find, *sua sponte*, that the trial court's judgment requires modification. We have the authority to modify the judgment to make the record speak the truth, even if a party does not raise the issue. TEX. R. APP. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992). "Our authority to reform incorrect judgments is not dependent on the request of any party, nor does it turn on a question of whether a party has or has not objected in trial court; we may act *sua sponte* and may have a duty to do so." *Rhoten v. State*,

5

299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.) (citing *Asberry v. State*, 813 S.W.2d 526, 531 (Tex. App.—Dallas 1991, pet. ref'd)); see *French*, 830 S.W.2d at 609.

In its judgment, the trial court recites that the "Degree of Offense" is "SECOND DEGREE FELONY." However, the offense for which Hill was convicted is classified as a third-degree felony. *See* TEX. PENAL CODE ANN. § 38.06(c)(1). Therefore, we will modify the trial court's judgment to show the "Degree of Offense" as a third-degree felony.

## IV. Disposition

For the reasons stated, we modify the trial court's judgment by replacing "SECOND DEGREE FELONY" under "Degree of Offense" with "THIRD DEGREE FELONY." As modified, we affirm the trial court's judgment.

Ralph K. Burgess
Justice

Date Submitted:     April 20, 2020
Date Decided:       April 21, 2020

Do Not Publish

6