

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-20-00043-CR

KEDRON DEQUANTIS WHITE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 27578

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

After pleading guilty to burglary of a habitation[1] under a plea agreement, Kedron Dequantis White was sentenced to ten years' incarceration—the sentence suspended in favor of eight years' community supervision—and was fined $500.00. On February 19, 2020, the trial court entered a judgment revoking White's community supervision and sentencing him to ten years' incarceration. The judgment of revocation reflected the imposition of a $500.00 fine, court costs of $283.00, and "reimbursement fees" of $510.00.

In his sole point of error on appeal, White complains that the trial court erred in assessing reimbursement fees of $510.00, as the statute in effect at the time of White's conviction did not designate court costs as reimbursement fees. White concedes that the reimbursement fee is presumably misnamed and should have been labelled court costs. The State agrees, explaining that, during its 86th Regular Session, the Texas Legislature comprehensively revised the statutory array of criminal court costs and fees imposed on conviction (the Act). *See generally* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, 2019 Tex. Sess. Law Serv. 3982 (eff. Jan. 1, 2020). Yet, "[e]xcept as otherwise provided by" the Act, "the changes in the law made by" the Act "apply only to a cost, fee, or fine on conviction for an offense committed on or after the effective date of" the Act, that is January 1, 2020. An offense committed before the Act's effective date "is governed by the law in effect on the date the offense was committed, and the former law is continued in effect for that purpose." Act of May 23, 2019, 86th Leg., R.S., ch. 1352, § 5.01, 2019 Tex. Sess. Law Serv. 3982, 4035–36.

---

[1]*See* TEX. PENAL CODE ANN. § 30.02(c)(2).

2

The offense in this case occurred August 5, 2017. Consequently, the imposition of court costs was governed by the law in effect on that date. The bill of costs reflects court costs of $793.00[2] and supports a judgment for costs in that amount under the law in effect on the offense date.[3] Five hundred and ten dollars of these costs were, however, improperly labelled in the judgment as reimbursement fees rather than as court costs.[4]

---

[2]This figure does not include the $500.00 fine which was listed in the bill of costs.

[3]The bill of costs includes the following charges:

- Attorney fees of $450.00. This charge is properly assessed as court costs under certain circumstances under the prior law. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g).
- Clerk's fee of $40.00. This charge is properly assessed as court costs under the prior law. *See* TEX. CODE CRIM. PROC. ANN. art. 102.005(a).
- Consolidated Court Costs Fee of $133.00. This charge is properly assessed as court costs under the prior law. *See* TEX. LOCAL GOV'T CODE ANN. § 133.102.
- District Court Technology Fee of $4.00. This charge is properly assessed as court costs under the prior law. *See* TEX. CODE CRIM. ROC. ANN. art. 102.0169.
- DNA Testing Fee of $34.00. This charge is properly assessed as court costs under the prior law. *See* TEX. CODE CRIM. PROC. ANN. art. 102.020.
- E-Filing Fee of $5.00. This charge is properly assessed as court costs under the prior law. *See* TEX. GOV'T CODE ANN. § 51.851.
- Indigent Defense Fee of $2.00. This charge is properly assessed as court costs under the prior law. *See* TEX. LOCAL GOV'T CODE ANN. § 133.107.
- Judicial Support Fee of $0.60. This charge is properly assessed as court costs under the prior law. *See* TEX. LOCAL GOV'T CODE ANN. § 133.105.
- Judicial Support Fee of $5.40. This charge is properly assessed as court costs under the prior law. *See* TEX. LOCAL GOV'T CODE ANN. § 133.105.
- Jury Reimbursement Fee of $4.00. This charge is properly assessed as court costs under the prior law. *See* TEX. CODE CRIM. PROC. ANN. art. 102.0045(a).
- Records Management Fee – DC of $2.50. This charge is properly assessed as court costs under the prior law. *See* TEX. CODE CRIM. PROC. ANN. art. 102.005.
- Records Management & Preservation Fee – Co. of $22.50. This charge is properly assessed as court costs under the prior law. *See* TEX. CODE CRIM. PROC. ANN. art. 102.005.
- Security Services Fee of $5.00. This charge is properly assessed as court costs under the prior law. *See* TEX. CODE CRIM. PROC. ANN. art. 102.017.
- Serving Capias/Warrant Fee of $50.00. This charge is properly assessed as court costs under the prior law. *See* TEX. CODE CRIM. PROC. ANN. art. 102.011.
- Taking and Approving Bond (SF-Bond) Fee of $10.00. This charge is properly assessed as court costs under the prior law. *See* TEX. CODE CRIM. PROC. ANN. art. 102.011.
- County Time Payment Fee of $12.50. This charge is properly assessed as court costs under the prior law. *See* TEX. LOCAL GOV'T CODE ANN. § 133.103.

3

This Court is authorized to modify the judgment to make the record speak the truth when such an error has been brought to our attention by any source. TEX. R. APP. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992). "Our authority to reform incorrect judgments is not dependent on the request of any party, nor does it turn on a question of whether a party has or has not objected in trial court; we may act sua sponte and may have a duty to do so." *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.) (citing *Asberry v. State*, 813 S.W.2d 526, 531 (Tex. App.—Dallas 1991, pet. ref'd)); *see French*, 830 S.W.2d at 609.

We, therefore, modify the judgment to reflect court costs in the amount of $793.00 and to delete the phrase "Reimbursement Fees" from the judgment.

We affirm the trial court's judgment, as modified.

Josh R. Morriss, III
Chief Justice

Date Submitted:     August 19, 2020
Date Decided:      October 20, 2020

Do Not Publish

---

- State Time Payment Fee of $12.50. This charge is properly assessed as court costs under the prior law. *See* TEX. LOCAL GOV'T CODE ANN. § 133.103.

[4]The judgment of conviction placing Smith on community supervision reflects court costs and attorney fees of $793.00.