

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-20-00040-CR
_____

CORNELL WITCHER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 202nd District Court
Bowie County, Texas
Trial Court No. 18F1367-202

Before Morriss, C.J., Stevens and Carter,* JJ.
Memorandum Opinion on Remand by Chief Justice Morriss

_____

*Jack Carter, Justice, Retired, Sitting by Assignment

# MEMORANDUM OPINION ON REMAND

As a result of Cornell Witcher's repeated sexual abuse of Mary[1] when she was ten or eleven years old, a Bowie County jury convicted Witcher of continuous sexual abuse of a young child,[2] and Witcher was sentenced to life imprisonment and assessed a $10,000.00 fine. On appeal, Witcher challenged the sufficiency of the evidence supporting his conviction. We found that the evidence was legally insufficient to support the conviction because, from the evidence, we concluded that the jury could only speculate that the abuse began thirty or more days before the abuse ended. As a result, we reversed his conviction for continuous sexual abuse of a young child and remanded the case to the trial court for a new trial on the lesser-included offenses of aggravated sexual assault and indecency with a child. *Witcher v. State*, No. 06-20-00040-CR, 2020 WL 7483953, at *4–5 (Tex. App.—Texarkana Dec. 21, 2020) (mem. op., not designated for publication), *rev'd*, No. PD-00034-21, 2022 WL 224269 (Tex. Crim. App. Jan. 26, 2022).

The Texas Court of Criminal Appeals granted the State's petition for discretionary review, found that a jury could have rationally inferred from the evidence, without speculation, that the abuse began thirty or more days before the abuse ended, reversed our judgment, and remanded the case to this Court to correct an error that we noted in the trial court's judgment. *Witcher v. State*, No. PD-0034-21, 2022 WL 224269, at *2 n.13 (Tex. Crim. App. Jan. 26, 2022). Based on the opinion of the Texas Court of Criminal Appeals, we overrule Witcher's sole issue attacking the sufficiency of the evidence.

---

[1]We use pseudonyms to refer to the minor victim and her relatives. *See* TEX. R. APP. P. 9.10.

[2]*See* TEX. PENAL CODE ANN. § 21.02(b) (Supp.).

Although we will affirm the trial court's judgment, the judgment should be first modified to accurately reflect the offense for which Witcher was convicted and the correct statute of offense. We have the authority to modify the judgment to make the record speak the truth, even if a party does not raise such a problem. TEX. R. APP. P. 43.2; *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.). "Our authority to reform incorrect judgments is not dependent on the request of any party, nor does it turn on a question of whether a party has or has not objected in trial court; we may act sua sponte and may have a duty to do so." *Rhoten*, 299 S.W.3d at 356 (citing *Asberry v. State*, 813 S.W.2d 526, 531 (Tex. App.—Dallas 1991, writ ref'd)); *see French*, 830 S.W.2d at 609.

In this case, Witcher was indicted for and convicted of continuous sexual abuse of a young child as set forth in Section 21.02(b) of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 21.02(b). However, the trial court's amended judgment of conviction, under "Offense for which Defendant Convicted," recites "AGG SEXUAL ASSAULT CHILD," and under "Statute for Offense," recites "22.021(a)(2)(B)."

For that reason, we modify the trial court's judgment to reflect the offense for which the defendant was convicted as "continuous sexual abuse of a young child" and to reflect the statute of offense as Section 21.02(b) of the Texas Penal Code.

We affirm the trial court's judgment, as modified.

Josh R. Morriss, III
Chief Justice

Submitted:    February 22, 2022
Decided:     March 4, 2022

Do Not Publish