**Affirmed and Majority and Dissenting Opinions filed February 15, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-22-00884-CR

---

### ANGEL DEBOTTIS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

### On Appeal from the 412th District Court
### Brazoria County, Texas
### Trial Court Cause No. 92795-CR

---

### DISSENTING OPINION

This court has the power to correct and reform the judgment of the court below "to make the record speak the truth" when it has the necessary data and information to do so. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) (en banc) (Onion, J., retired presiding judge of Court of Criminal Appeals, sitting by designation and writing en banc court's opinion); *see French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (adopting reasoning of *Asberry*). In a criminal case, Texas Rule of Appellate Procedure 43.2(b) (court of

appeals may "modify the trial court's judgment and affirm it as modified") and its predecessors function in part as a means for the appellate court to render judgment nunc pro tunc when the written judgment does not reflect what occurred in open court at trial. Tex. R. App. P. 43.2(b); *see Asberry*, 813 S.W.2d at 529 ("Appellate courts have the power to reform whatever the trial court could have corrected by a judgment nunc pro tunc where the evidence necessary to correct the judgment appears in the record."). The authority of an appellate court to reform incorrect judgments is not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court. *Asberry*, 813 S.W.2d at 529–30. "The appellate court may act sua sponte and may have the duty to do so." *Id.* at 530.

Here, the judgment rendered by the trial court does not accurately reflect what happened in open court. The written judgment reflects that the jury assessed punishment at imprisonment for fifteen years for each of two counts, to run consecutively. In contrast, the trial court's oral pronouncement of sentence included punishment of a single sentence of fifteen years:

> A jury of your peers has found you guilty and assessed your punishment at 15 years confinement in the Texas Department of Criminal Justice and I have granted the motion to cumulate or stack those sentences.

We hold defendants in criminals appeals to a rigorous procedural standard in preserving complaints for appellate review. A notable exception is making the written judgment speak the truth of the sentence pronounced in open court. While I agree that the trial court did grant the motion to stack, that by itself does not support the creation of a sentence that clearly was not pronounced merely because the assessed punishment appears the same.

Consider the following hypothetical involving two offences that are tried

together—the jury assesses one sentence at 10-years imprisonment and the other at 15-years imprisonment, the trial court grants the State's motion to cumulate, but the trial court only pronounces the sentence at punishment for ten-years imprisonment and grants the State's motion to cumulate. How would the majority "fix" that on appeal? And in the current appeal, is the answer really the mere fact that the jury assessed two identical punishments?

I would do equal right and apply the law on correcting and reforming the judgment to speak the truth as to both the State and appellant. It is the State—not this court—that bears the obligation to "fix" the trial court's error of pronouncing only one of the two sentences.

Because the majority improperly undertakes the State's obligation, I respectfully dissent.


/s/     Charles A. Spain
        Justice

Panel consists of Justices Jewell, Spain, and Wilson (Jewell, J., majority).
Publish — Tex. R. App. P. 47.2(b).