

# NUMBER 13-23-00423-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

JUAN LOZANO JR. A/K/A
JUAN LOZANO,                                                          Appellant,

v.

THE STATE OF TEXAS,                                                  Appellee.

---

## ON APPEAL FROM THE 103RD DISTRICT COURT
## OF CAMERON COUNTY, TEXAS

---

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Cron
Memorandum Opinion by Justice West**

Appellant, Juan Lozano Jr. a/k/a Juan Lozano, challenges his conviction of murder, a first-degree felony. *See* TEX. PENAL CODE ANN. § 19.02. Lozano's sentence was enhanced due to two previous felony convictions, and the jury assessed punishment at life imprisonment. *See id.* § 12.42(d). By his sole issue, Lozano argues that the trial court

erred when it refused to give a sudden passion instruction in the punishment phase of trial. We affirm as modified.

## I. BACKGROUND

Prior to punishment, Lozano requested that an instruction regarding sudden passion be added to the jury charge. The trial court denied the requested instruction. At the beginning of the punishment phase, the State read aloud the enhancements:

> It is further presented that JUAN LOZANO, JR., A/K/A JUAN LOZANO, prior to the commission of the charged offense (hereafter styled the primary offense), on the 3rd day of November, 2000, in Cause Number 98-CR-1401-C, in the 197th District Court of Cameron County, Texas, the defendant was finally convicted of the felony offense of Robbery[.]
>
> And it is further presented that, prior to the commission of the primary offense, and after the conviction in Cause Number 98-CR-1401-C was final, the defendant committed the felony offense of Assault Public Servant and was finally convicted on the 30th day of November, 2009, in Cause Number 09-CR-1875, in the 197th District Court of Cameron County, Texas.

Lozano pleaded true to the enhancements.

The jury charge instructions at the punishment phase of trial included the following instructions on the enhancement range of punishment:

> You are instructed that [m]urder is a felony of the first-degree, which carries a punishment range of confinement for life, or any term of not more than 99 years or less than 5 years in the Texas Department of Criminal Justice.
>
> [Lozano] has been further charged with two Enhancement Paragraphs as to punishment. To these two Enhancement Paragraphs, the Defendant has pleaded true. The new enhanced punishment range is confinement for life, or any term of not more than 99 years or less than 25 years in the Texas Department of Criminal Justice.

The trial court sentenced Lozano to life imprisonment in accordance with the jury's verdict. This appeal followed.

## II.    DISCUSSION

Lozano argues that the trial court erred when it refused to give a sudden passion instruction, and the error caused "some harm." *See Wooten v. State*, 400 S.W.3d 601, 606 (Tex. Crim. App. 2013) ("If the error is preserved, the record must demonstrate that the appellant has suffered 'some harm.'" (citations omitted)). He argues that he suffered harm because the sudden passion instruction "would have capped" the punishment range the jury could have considered at twenty years' confinement. The State concedes that the trial court erred but argues that Lozano failed to show harm because Lozano pleaded true to the enhancement paragraphs.

"Sudden passion is a mitigating circumstance that, if found by the jury to have been proven by a preponderance of the evidence, reduces the offense [of murder] from a first[-]degree felony to a second[-]degree felony." *McKinney v. State*, 179 S.W.3d 565, 569 (Tex. Crim. App. 2005) (citing TEX. PENAL CODE ANN. § 19.02(c), (d)); *see also* TEX. PENAL CODE ANN. §§ 12.32 (first-degree felony punishment), 12.33 (second-degree felony punishment). Lozano pleaded true to the enhancement paragraphs, which elevated the sentencing range to twenty-five years to life. *See* TEX. PEN. CODE ANN. § 12.42(d) (providing that a defendant on "trial of a felony offense other than a state jail felony" will receive a punishment of twenty-five to ninety-nine years' imprisonment if it is shown that the defendant was convicted of two prior felony-level offenses, and the second conviction is for a felony that was committed after the first conviction was final). Despite appellant's contention, even if the jury considered sudden passion and found in his favor, his punishment would not be capped at a maximum of twenty years. *See id.*; *Segovia v. State*, 467 S.W.3d 545, 557–59 (Tex. App.—San Antonio 2015, pet. ref'd) (holding that

though appellant was entitled to an instruction on sudden passion during punishment, the trial court did not abuse its discretion in denying the defense's request for the instruction because "as a felony habitual offender, [appellant] was not entitled to the second-degree penalty range contained within the instruction," and such instruction "could have potentially [mis]led jurors to believe that a penalty range of two years to twenty years' confinement was a possibility"); *see also Briceno v. State*, No. 11-22-00353-CR, 2024 WL 4507979, at *8 (Tex. App.—Eastland Oct. 17, 2024, no pet.) (mem. op., not designated for publication) (holding that even if "the trial court affirmatively found sudden passion, it would not have precluded the trial court from considering . . . life imprisonment" because "[a]ppellant's punishment was nonetheless enhanced by a prior conviction, which would have made him eligible for a first-degree punishment, including life imprisonment").

In a harm analysis, "the record must show that a defendant has suffered actual, rather than merely theoretical, harm from jury instruction error." *Ngo v. State*, 175 S.W.3d 738, 750 (Tex. Crim. App. 2005). "Harm must be evaluated in light of the complete jury charge, the arguments of counsel, the entirety of the evidence, including the contested issues and weight of the probative evidence, and any other relevant factors revealed by the record as a whole." *Wooten*, 400 S.W.3d at 606 (citations omitted). Because the sudden passion instruction would not have affected the range of punishment that the jury could have considered, we conclude Lozano was not harmed by the trial court's denial of the sudden passion instruction. *See Segovia*, 467 S.W.3d at 557–59; *see also Briceno*, 2024 WL 4507979, at *8. We overrule Lozano's sole argument.

4

### III. MODIFICATION

The trial court's final judgment indicates that appellant pleaded true to the first enhancement paragraph and states "N/A" as to the second enhancement paragraph. The judgment also indicates that the trial court found the first enhancement paragraph true and states "N/A" for the trial court's finding on the second enhancement paragraph. However, the record is clear that appellant pleaded true to both enhancement paragraphs, and the trial court found both enhancement paragraphs to be true.

We have the authority to reform a judgment "to speak the truth" when necessary. *See* TEX. R. APP. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992). Accordingly, we modify the trial court's final judgment to reflect that appellant pleaded true to the second enhancement paragraph, and the trial court found the second enhancement paragraph true. *See* TEX. R. APP. P. 43.2(b); *French*, 830 S.W.2d at 609; *see also Mathis v. State*, No. 13-20-00079-CR, 2020 WL 7757372, at *3 (Tex. App.— Corpus Christi–Edinburg Dec. 30, 2020, no pet.) (mem. op., not designated for publication) (modifying "the judgment to reflect that [appellant] pleaded 'not true' to the State's enhancement allegation").

### IV. CONCLUSION

The trial court's judgment is affirmed as modified.

JON WEST
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
20th day of March, 2025.

5