

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-25-00014-CR

JAMES RONALD NEAL, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 2
Tarrant County, Texas
Trial Court No. 1813683

Before Stevens, C.J., van Cleef and Morriss,* JJ.
Memorandum Opinion by Justice van Cleef

_____
*Josh R. Morriss, III, Chief Justice, Retired, Sitting by Assignment

MEMORANDUM OPINION

James Ronald Neal, Jr., pled guilty to burglary of a building and pled true to two enhancement paragraphs based on prior state jail felony convictions.[1] *See* TEX. PENAL CODE ANN. § 30.02(c)(1) (Supp.). After a bench trial, the trial court sentenced Neal to eight years' imprisonment. *See* TEX. PENAL CODE ANN. §§ 12.34(a), 12.425(a). Neal appeals.

Neal's counsel filed a brief stating that she reviewed the record and found no genuinely arguable issues that could be raised on appeal. In her brief, counsel sets out the procedural history and summarizes the evidence elicited during the trial court proceedings. Counsel also filed a motion seeking to withdraw as counsel in this appeal.

In her brief, counsel stated that she mailed Neal copies of all volumes of the reporter's record, a letter explaining the importance of the *Anders* brief and how Neal may pursue issues moving forward, a copy of the brief, and her motion to withdraw. In her motion to withdraw, counsel stated that she mailed Neal a letter outlining his right to file a pro se brief and copies of the reporter's record, the clerk's record, and a letter confirming that counsel would be filing an *Anders* brief and motion to withdraw. Those actions comply with an appointed counsel's responsibilities when filing an *Anders* brief and a motion to withdraw in accordance with *Kelly*. *See Kelly State*, 436 S.W.3d 313, 318–20 (Tex. Crim. App. 2014).

Counsel's professional evaluation of the record demonstrates why there are no arguable grounds to be raised on appeal and meets the requirements of *Anders v. California*. *See Anders*

---

[1]This appeal was transferred to this Court from the Second Court of Appeals pursuant to a Texas Supreme Court docket equalization order. *See* TEX. GOV'T CODE ANN. § 73.001 (Supp.). Accordingly, we apply the precedent of the Second Court of Appeals in deciding this case to the extent that it conflicts with our own. *See* TEX. R. APP. P. 41.3.

*v. California*, 386 U.S. 738, 743–44 (1967); *Kelly*, 436 S.W.3d at 318–20. After our review of the entire appellate record, we have independently determined that there are no non-frivolous grounds for appeal. *See Kelly*, 436 S.W.3d at 318 n.16.

"[A]ppellate courts are authorized to reform judgments and affirm as modified in *Anders* cases involving non-reversible error." *Mitchell v. State*, 653 S.W.3d 295, 297 (Tex. App.—Texarkana 2022, no pet.) (comprehensively discussing appellate cases that have modified judgments in *Anders* cases). In this case, the judgment only shows that Neal pled true to one enhancement paragraph. Neal pled true to both enhancement paragraphs.[2] We can modify the judgment to make the record speak the truth. TEX. R. APP. P. 43.2; *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992). Therefore, we modify the judgment to reflect Neal pled true to both enhancement paragraphs.

Also, court costs are assessed in this case as well as the two companion cases. "In a single criminal action in which a defendant is convicted of two or more offenses . . . , the court may assess each court cost or fee only once against the defendant." TEX. CODE CRIM. PROC.

---

[2]The indictment included the notice of enhancement:

> STATE JAIL FELONY ENHANCEMENT - 3RD DEGREE FELONY NOTICE: AND IT IS FURTHER PRESENTED TO SAID COURT THAT PRIOR TO THE COMMISSION OF THE STATE JAIL FELONY OFFENSE OR STATE JAIL FELONY OFFENSES SET OUT ABOVE, THE DEFENDANT WAS FINALLY CONVICTED OF THE STATE JAIL FELONY OFFENSE OF BURGLARY OF A BUILDING, IN THE 372ND DISTRICT COURT OF TARRANT COUNTY, TEXAS, IN CAUSE NUMBER 1721507D, ON THE 1ST DAY OF AUGUST 2022, AND, THE DEFENDANT WAS FINALLY CONVICTED OF THE STATE JAIL FELONY OFFENSE OF BURGLARY OF A BUILDING, IN THE 396TH DISTRICT COURT OF TARRANT COUNTY, TEXAS, IN CAUSE NUMBER 1797664, ON THE 1ST DAY OF DECEMBER 2023.

The trial court read this paragraph after Neal pled guilty to the primary offense. Neal then pled true to this paragraph.

ANN. art. 102.073(a). Here, Neal was assessed court costs in each judgment on all three offenses arising from a single criminal action. Therefore, the duplicated court costs of $290.00 must be deleted from the judgment of conviction in this matter. Accordingly, we modify the trial court's judgment by deleting the court costs from the judgment.

In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Thus, we affirm the trial court's judgment, as modified.[3]


Charles van Cleef
Justice

Date Submitted:     May 28, 2025
Date Decided:      June 18, 2025

Do Not Publish

---

[3]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.